JUNE TERM
1835.

Cozzens
v.
Gillispie.

| 4 | 82 |
| 46a | 251 |

————◦✳◦————

## COZZENS v. GILLISPIE.

1. The defd. offered to read the deposition of one Walter D. Scott which was objected to on account of Scott being interested—and the evidence was excluded—the proof to shew interest, was "that the defd. and one Walter D. Scott had once been partners"—Held that the identity of the witness with the person who had once been the partner of defd. was not proved; and could not be inferred from the identity of name;—therefore no interest was proved—and his deposition, should have been admitted.

ON ERROR from the St. Louis circuit court.

Opinion of the court delivered by WASH, J.

Gillispie the defendant in error, sued Cozzens the plaintiff in error, in the St. Louis circuit court and got judgment, to reverse which Cozzens prosecutes his writ of error in this court. Several points have been raised and relied on by the counsel for the plaintiff in error. The only one entitled to much consideration in the estimation of this court arises out of the refusal of the circuit court to permit the deposition of one Walter D. Scott to be read in evidence to the jury. The ground upon which it was rejected as stated in the bill of exceptions was "that Scott the witness was interested, and therefore an incompetent witness." How or why the witness was rendered incompetent is not shown. It is stated in the bill of exceptions "that the defendant and one Walter D. Scott had once been partners," but whether the Walter D. Scott whose deposition was rejected, was the same who had once been the partner of the defendant was not shown or attempted to be shown, and cannot be legally inferred from the identity of name. In looking at the whole case, if the deposition of Scott had been read to the jury, and their verdict had been rendered as it is at present, this court would probably not reverse the judgment of the circuit court for refusing to grant a new trial—for it may well have been that the property remitted as stated in Scott's deposition was the same for which credits were given by the plaintiff in the account sued on, and this seems the more likely from the defendant's letter of June 18, 1831 in which he says "agreeably to my promise to

The defd. offered to read the deposition of one Walter D. Scott which was objected to on account of Scott being interested—and the evidence was excluded, the proof to, "that the defd. & one Walter D. Scott had once been partners"—Held that the identity of the witness with the person who had once been the partner of defd. was not proved; and could not be inferred from the identity of name—therefore no interest was proved—and his deposition should have been admitted.

JUNE TERM
1835.

your young man who called on me on the subject of your account with Cozzens & Scott, I have examined the books of that concern, and do not find any goods entered to you on consignment as represented by Mr. Scott unaccounted for" &c. Now whether the goods spoken of by Scott were the same which were entered upon the books of the concern, and were accounted for in the credit given to Cozzens & Scott in the account sued on, or were other and different goods, does not seem clear to this court—for aught that does appear Scott was a competent witness, and his deposition should have been given to the jury for what it was worth. We think the circuit court decided correctly on the other points. For rejecting the deposition of Walter D. Scott upon the proof as it stands, its judgment must be reversed and the cause remanded for a new trial in conformity with this opinion.