*AUG. TERM 1835.*

Jackson
v.
Jackson & others.

a notice need not be given to authorize the contents of the first notice to be proved by parol.

---

### JULIUS C. JACKSON v. JACKSON AND OTHERS.

1. Bill in equity by one legatee and heir against the other legatees and heirs to establish and carry into effect the provisions of a will, so far as they can be proven. The bill charges the will to have been duly made—and to have been taken from the depository by fraud—and lost or destroyed and could not be found by comp't.—that some of the legatees live in Ky. 2. P. C. The jurisdiction in this case is exclusive in the county courts—and a court of chancery has no jurisdiction. 3. Probate may be granted of so much of a will as can be proved.

Appeal from the chancery side of the circuit court of Pike county.

Opinion of the court delivered by TOMPKINS J. *

This is a bill in chancery filed by one legatee and heir against the other legatees and heirs to establish and carry into effect, the provisions of a will, so far as its contents can be proved. The circuit court dismissed the bill and the plaintiff appeals to this court.

The bill charges that the will was duly executed in the lifetime of the testator—and left, at his death in the custody of his wife, that since his death the will has been fraudulently taken from the possession of said widow

Bill in equity by one legatee against the other legatees and heirs to establish and carry into effect the provisions of a will so far as they can be proven. The bill charges the will to have been duly

---

* Wash Judge, absent.

27

AUG. TERM
1835.

Jackson
v.
Jackson & others.

made and to have
been taken from
the depository by
fraud and lost or
destroyed and
could not be found
by compt.—that
some of the lega-
tees live in Ky.

P. C. The juris-
diction in this case
is exclusive in the
county courts—
and a court of
chancery has no
jurisdiction.

Probate may be
granted of so
much of a will as
can be proved.

and concealed, destroyed or lost, so that it cannot now be found by the complainant. The bill also alleges, that some of the legatees and heirs of the deceased live in Kentucky.

The sixth section of the act concerning courts &c. passed 7th Jan. 1825, see digest p. 270, gives to the several courts of probate exclusive original jurisdiction in all cases relative to the probate of last wills and testaments, the granting of letters testamentary &c., see the case of Mullanphy's will, Graham and others vs. O'Fallon, 3d vol. Mo. decisions p. 507. There is nothing stated in this bill to vary it from the above cited case of Mullanphy's will. It is true that it appears in evidence that a part of the will could not be proved, and by a recital in one part of the bill, that some of the legatees and heirs reside in Kentucky. Had, however, both of these facts been stated in the bill we are prepared to say, that still the court of chancery would have no concurrent jurisdiction with the probate court. By the tenth section of the act concerning wills and testaments (Digest p. 742,) any person wishing to come in and contest the validity of a will may do so within five years, but after that time, no one but infants, married women and persons absent from the United States and their territories during the whole of said five years &c. can be admitted to contest such will; so that the probate court (now county court) can in this case grant as much relief as a court of chancery.

The complainant has not produced one authority to show that a court of probate acting under a law similar to ours ever refused to grant probate of so much of a last will as could be proved when all could not be so,. and we see no reason why that court should not grant probate of so much of the last will as can be proved. It is not alleged in the bill that the complainant had need of the confessions of the defendants to enable him to establish the will, or of any other testimony which could not be procured without the aid of a court of equity. We are therefore of opinion that no case has been stated or even shown by the evidence to require the interposition of a court of equity, and therefore affirm the decree of the circuit court.