LETTON, BY HIS CURATOR, Appellant, v. GRAVES *et al.*, Respondent.*

1. In suits under section 30 of the act concerning wills (R. C. 1855, p. 1571,) to contest the validity of wills the supreme court will review the proceedings of the lower courts only in matters of law.

*Appeal from Lafayette Circuit Court.*

The facts appear in the opinion of the court.

*Hovey* and *Sharp*, for appellant.

I. The court erred in refusing to vacate and set aside the probate and to delare the instrument of writing not to be a will. It was not a testamentary instrument, nor did it have the requisites or characteristics of a will. (See 1 Jarman, 12; 1 Atk. 269; 3 P. Wms. 337; 7 John. Ch. 57; R. C. 1855, p. 1569; 1 Jarm. 215; 13 B. Mo. 307; 2 Paige, 396.)

* NAPTON, Judge, having been of counsel, did not sit at the hearing of this cause.

*Ryland* and *Troxell*, for respondents.

I. The instrument in controversy was a testamentary instrument. (1 Jarm. 13, 115; 1 Dessaus. 554; 6 Dana, 257; 1 McCord, 409; 4 Hawks, 141; 1 Dessaus. 617; 12 N. H. 371; 4 McCord, 12, 198; 3 Paige, 368; 2 Ves. 204; 4 Brown. Ch. 355; 1 Williams on Ex'rs, 53, 4, 5; 2 Hagg. Eccl. 247; R. C. 1845, p. 1083; 2. Coxe, 16; 13 Ves. 297; 7 Mo. 591.)

RICHARDSON, Judge, delivered the opinion of the court.

This was an action under the 30th section of the act concerning wills (2 R. C. 1855, p. 157), and was instituted for the purpose of setting aside the probate which had been granted of an instrument of writing as the last will of John W. Letton, deceased. The case was tried by the court without a jury. No instructions were asked or given, and no exceptions were taken to the admission or exclusion of evidence.

The 31st section declares, " the verdict of the jury or the finding and judgment of the court shall be final, saving to the court the right of granting a new trial as in other cases, and to either party an appeal, *in matters of law*, to the supreme court."

We can not tell whether the court committed error in finding against the evidence—in which case we are not permitted to interfere—or in applying the law to the facts. If errors were committed in matters of law preserved by proper exceptions or instructions, or in the admission or exclusion of evidence, this court could correct such errors; (Dickey v. Malechin, 6 Mo. 177;) but this record presents nothing on which we are permitted to pass.

Judge Scott concurring, the judgment will be affirmed.