Varnon v. Varnon.

---

PATTIE VARNON, Respondent, v. CHARLES T. VARNON, Executor, etc., *et al.*, Appellants.

### Kansas City Court of Appeals, November 23, 1896.

1. **Wills**: REVOCATION : STATUTE. Section 8871, Revised Statutes, 1889, permits a partial revocation of a will, the balance remaining intact. And when the revocation is made with a view to immediate and definite disposition, the revocation becomes dependent upon the efficacy of other dispositions.

2. ———: ———: SUBSTITUTION. A page substituted in an executed will in lieu of one torn out with a view of its revocation is noneffective unless the will as changed is re-executed or witnessed.

3. ———: DESTROYED PAGE. The destruction of a page from an executed will will not prevent it being established by competent evidence.

4. ———: ———: EVIDENCE : WITNESSES. One witness is sufficient to establish the contents of a destroyed page of a will.

5. ———: ———: ESTABLISHMENT OF. A judgment rejecting the substituted page as part of the will is insufficient, unless it establishes the destroyed page if there be sufficient evidence to show its contents.

6. ———: REPUGNANT PROVISION : INTERPRETATION : INSTRUCTION. When two parts of a will are seemingly inconsistent, if both may stand, they should be allowed to do so.

*Appeal from the Sturgeon Common Pleas Court.*—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED (*with directions*).

*Thos. S. Carter* and *Joe H. Cupp* for appellant.

(1) The court erred in declaring that items fifth and seventh of the will were valid because they were inconsistent and void. (2) The court erred in declaring part of the will valid and part void. It may be admitted that the courts may declare certain parts of a will illegal and void as a matter of law and other parts valid because legally expressing the will of the testator. But in this case the court held part of the will void because it had been changed after its attestation. The whole will should have been declared void because it had never been witnessed as required by law. R. S. 1889, sec. 8870; *Mays v. Mays*, 114 Mo. 536 (see bottom of page 540); *Berberet v. Berberet*, 131 Mo. 399 (see, also, pages 408 and 409); *Stephens v. Stephens*, 129 Mo. 422 (see pages 426 and 427); *Grimm v. Tittman*, 113 Mo. 56; *Banks v. Banks*, 65 Mo. 432; *Walton v. Kendrick*, 122 Mo. 504 (see last paragraph on page 519).

*C. B. Sebastian* and *H. S. Booth* for respondents.

(1) The removal and the tearing up of the fifth page of the will as attested by direction of the testator was a revocation of that part of the will only, under our statutes. It did not affect the validity of the balance of the will which was not altered. The evidence shows no intention on the part of the testator to revoke any other portion of his will. On the contrary it clearly

shows that he desired to maintain it. Schouler on Wills [2 Ed.], sec. 430; *Bigelow v. Gillett*, 123 Mass. 103; *Kirkpatrick, Ex parte*, 22 N. J. Eq. 463. (2) The evidence shows that the fifth page as rewritten and placed in the will as presented in evidence was not attested, and that the court properly held that it was not a part of the will of Lewis A. Varnon.

ELLISON, J.—This action was brought to contest the validity of the will of plaintiff's deceased husband. The circuit court sustained the will as to all but what was designated as the fifth page. The widow appeals.

The will was written on seven pages of paper. We discover no reason to question the trial court's action in finding the testator was of sound mind, and that when he made the will he possessed full testamentary capacity. We have only to determine a question of law which arises on the established facts. The material portions of the will disposed of the property to the widow and only son, in equal parts; and in case of the death of either all was to go to the survivor. And that if both died without children, then the brother and sister of testator were to take the property.

That portion of the will which provided that if the son should die before his mother she should take the whole property, and that portion which provided that in case both mother and son died without children the brother and sister of the testator should take the property was written on the fifth page—composed the whole of the fifth page.

It appears that the testator's brother wrote the will and that the next day after it was duly executed, plaintiff became dissatisfied and made known her objection to the testator. Her objection was to the provision relating to the testator's sister. She insisted that the sister was not entitled to any interest, however remote,

in the estate. The testator seems to have concluded her objections were well founded, and he directed his brother, who had written the will, to tear out the fifth page, rewrite it as it was except to omit the name of the sister, thus having the effect to cut off the sister and leave the brother as the sole legatee if the mother and son died without children. The brother did as directed; so that the will, as it stood when probated, included the substituted fifth page. It was this fifth page the court rejected and established the remainder. Was this the proper disposition of the case? The statute of this state in relation to revocation of wills, is as follows:

"Sec. 8871. No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, except by subsequent will, in writing, or by burning, canceling, tearing, or obliterating the same, by the testator, or in his presence, and by his consent and direction."

This statute means that there may be a partial revocation of a will, the balance remaing intact. This is announced as the law in jurisdictions governed by similar statutes. *Bigelow v. Gillett,* 123 Mass. 103; Schouler on Wills, secs. 389, 397. And there is no reason why this may not be accomplished by tearing out a page, or other portion which it is intended to revoke. Schouler on Wills, sec. 430.

But when a revocation is made with a view to an immediate, other, and different disposition, the revocation becomes dependent upon the efficacy of that other disposition. Schouler on Wills, sec. 398; 1 Jarman on Wills, 135*; *Wolf v. Bollinger,* 62 Ill. 368; *Youse v. Forman,* 5 Bush. 345; *Stover v. Kendall,* 1 Cold. 557; *Earl of Ilchester, Ex parte,* 7 Ves. Jr. 348.

In the case at bar the substituted page was non-effective, since the will, as changed, was not re-executed

or witnessed in any way known to the law. And it is quite apparent to us that the testator only intended the revocation of the fifth page, to be accomplished by a substitution of another page with identical provisions except to omit the name of his sister. The face of the will itself demonstrates this. At the bottom of page 4 was the provision that in case of the wife's death all the property should go to the son, and at the top of page 5 was the provision that in case of the son's death all should go to the wife. Although this latter provision was on page 5, the testator had no design or intent to omit it from the will. He only intended, as just stated, to omit the name of his sister, so that she might not, in the contingency of the wife and son dying without children, become a beneficiary of the estate. In other words, he only intended to revoke page 5 by the immediate substitution of another page with the change indicated. His intention to revoke depended upon, and was intended to be made by, the substituted paper. If that was noneffective, then no revocation was had. The result is that page 5 as first written is unrevoked and remains a part of the will. The fact that the page has been destroyed does not prevent its contents from being established by competent evidence. *Jackson v. Jackson*, 4 Mo. 211; *Dickey v. Malschi*, 6 Mo. 183; Schouler on Wills, sec. 385.

The evidence which chiefly tends to establish the contents of the destroyed page was given by one witness. While there have been suggestions to the contrary, yet it is undoubtedly the law that one witness is sufficient for such purpose. *Graham v. O'Fallon*, 4 Mo. 601. In that case Judge McGirk said he was "not aware that there are any but two cases at common law, where more than one witness is required to establish a fact. The one is in case of treason, and the other in chancery, where the defendant denies by his answer on

oath, the matter of the bill, two witnesses are required to overturn the answer.''

The contents were established by the evidence in the cause which shows the page, as originally written, to be the same as the substituted page rejected by the court, except the name of the testator's sister was joined with his brother as a beneficiary of the estate in case of the death of both the wife and son of the testator. By rejecting substituted page 5 without establishing the original page 5 as a part of the will, it would leave omitted from its provision that part which gave all of the property to the wife in case she survived the son. It is true the wife would have taken the son's share by inheritance had there been no will and the son have died intestate without children, and in this view the provision is unimportant. But these were contingencies which the wife did not have to risk under the provisions of the will.

The point is made that the will ought to be held void for the reason that by item 5 therein the testator's live stock was directed to be sold and the proceeds put at interest for the benefit of his son, while by item 7 *all* of his personal property was willed to the son and wife equally. We are not now called upon to interpret the will; suffice it to say that when two parts of a will are seemingly inconsistent, yet if both may stand they should be allowed to do so. If item 5 had given the live stock to the son absolutely, then item 7 would evidently mean all the personalty except the live stock.

Other points of objection to the will have been noted but are not considered well taken. We will, therefore, reverse the judgment and remand the cause with directions that the trial court enter judgment establishing the will as written before the attempted alteration. All concur.