Nelson v. Vorce.

---

## NELSON v. VORCE.

WITNESS.—*Credibility.—Jury.—Practice.*—The weight to be given to the evidence of different witnesses testifying in a cause, is a question to be determined solely by the jury trying it.

SAME.—Whether or not interest in the result of the cause on trial, or relationship to a party to such cause, affects the credibility of a witness testifying therein, is a question solely for the jury trying it.

SAME.—*Party.—Relationship.—Instruction to Jury.*—It is error for the court to charge the jury trying a cause, in relation to the credibility of witnesses, that "The evidence of parties to the action, and of those related to them, as their sons and daughters, is not entitled to as much weight as the evidence of disinterested witnesses."

From the Newton Circuit Court.

*J. R. Troxell, P. H. Ward* and *W. H. Graham*, for appellant.

*R. S. Dwiggins* and *Z. Dwiggins*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, in the court below.

In his complaint, the appellee alleged, in substance, that on or about the — day of ———, 1873, the appellee and appellant entered into a certain contract or agreement for the joint invention, perfecting, modelling and patenting of a certain wind-mill which the appellant had then and there in process of invention and construction; that, by the terms of said agreement, it was then and there contracted and agreed by and between the appellee and appellant, that if the appellee would assist the ap-

pellant in inventing and perfecting said wind-mill, and in modelling and securing letters-patent on the same, the appellant would, in consideration thereof, give and assign to the appellee a one-half interest in said wind-mill, as soon as the same should be perfected and letters-patent granted to the appellant thereon. And the appellee averred, that he had duly performed and complied with all the terms and conditions of said contract, on his part, in so far as was thereby required of him; that in compliance therewith, he aided and assisted the appellant in perfecting said invention, and constructed all necessary models of the same, and assisted the appellant in procuring letters-patent to be granted thereon, which said letters-patent were duly issued by the proper authority, to appellant, on the — day of ———, 1873. And the appellee averred, that, after the issuing of said letters-patent, and until the filing of said complaint, the appellant had wholly failed and neglected to comply in any manner with the terms and conditions of his said contract, or any part thereof, and had failed and refused to give, convey or assign to appellee, in any manner, any interest whatever in said wind-mill; but, on the contrary, the appellant had been, since the date of said letters-patent, and then was, actively engaged in manufacturing and selling said wind-mills, and territory wherein the exclusive right to manufacture and sell said wind-mills was conveyed, and had converted the proceeds of said sales to the appellant's use and benefit, and appellant refused to pay or in any manner account to the appellee for any interest in the same. And the appellee averred, that said wind-mill was an invention of great value; that the appellant had realized from the sale of the same, and from the sale of territory wherein the exclusive right to manufacture and sell the same was granted, at least the sum of five thousand dollars, the one-half of which, as well as the one-half interest in said invention, the appellee was entitled to by the terms of said contract; and that the one-half

interest in said invention was of the value of ten thousand dollars.

There was a second paragraph to this complaint, but it did not differ materially from the first paragraph, except that it alleged a partnership between the appellee and appellant, in connection with the "wind-mill" mentioned in the first paragraph. As no questions are made in this court as to the sufficiency of the pleadings in this cause, we need not further notice the second paragraph of the complaint.

The appellant answered the appellee's complaint by a general denial, and also by a set-off. The appellee replied to the set-off, by a general denial, and by a special reply.

This action, being at issue, was tried by the court below, and a verdict was returned for the appellee, assessing his damages at three thousand eight hundred dollars. Upon written causes filed, the appellant moved the court below for a new trial, which motion was overruled by the court, and to this decision appellant excepted. And a judgment was then rendered by the court below, upon the verdict of the jury, from which this appeal is now here prosecuted.

In this court, the only alleged error assigned by the appellant is, the decision of the court below in overruling his motion for a new trial.

The appellant assigned several causes for a new trial, in his motion for that purpose addressed to the court below; but in this court he has only insisted on three of those causes. In the view which we have taken of this cause, we have found it necessary to notice only one of the several reasons assigned for a new trial. The evidence on the trial, and the instructions of the court below to the jury, are all properly in the record.

The sixth instruction given by the court below, to the jury trying the cause, was as follows:

"6th. You should reconcile the testimony of witnesses,

so as to believe them all, if you can do so; but if you can not, then you must decide whose testimony should be received and whose should be rejected.  In determining their credibility you are to look to their manner upon the witness stand, their interest, if any, in the action, their relationship to the parties, the consistency of their statements, and how far their testimony is corroborated or contradicted by the testimony of other witnesses.  The evidence of parties to the action, and those related to them, as their sons and daughters, is not entitled to as much weight as the evidence of disinterested witnesses."

A very cursory glance at this instruction is sufficient to show that it was not a proper charge to the jury; and when the fact is considered, which appears in the record, that the appellant was the only one of the parties whose son or daughter was a witness in the cause, it will readily be seen that this instruction was well calculated to work injustice to the appellant.  The court below had no right to instruct the jury, as matter of law, that the evidence of appellant's son or daughter was not entitled to as much weight as the evidence of any other witness, or to imply, as the charge plainly did, that the evidence of such son or daughter needed some corroboration.  The question of the weight of the evidence of the different witnesses was a question solely for the consideration of the jury, as the triers of the facts, and it was not the province of the court to intermeddle with this question, or to dictate to the jury what weight, much or little, should be given to the evidence of this or that witness, or to institute a comparison, for the instruction of the jury, between the weight of the evidence of the different witnesses.

But it is unnecessary to discuss this question.  Under our law, as it now exists, the interest of a witness in the result of an action, whether as a party or as a kinsman of a party, does not disqualify him from testifying; and such relationship, either to the action or to a party to the action, may or may not detract from the weight which his

evidence is entitled to; but whether it does or does not, in any case, is a question for the jury and not for the court.

It certainly is not the law, that because the witness is the son or daughter of a party to an action, such witness may not testify the truth, the whole truth, and nothing but the truth, touching the matter in controversy; and if such is the character of the testimony given, it can not be said, as matter of law, that such testimony is not entitled to as much weight as the testimony of any other witness.

In our opinion, the instruction given was erroneous, and for this cause the appellant's motion for a new trial should have been sustained by the court below.

The judgment is reversed, and the cause is remanded, with instructions to the court below to sustain the appellant's motion for a new trial, and for further proceedings.

Petition for a rehearing overruled at the May term, 1877.