## HINDS *v.* HARBOU.

| 58 | 121 |
|----|-----|
| 152 | 649 |

EVIDENCE.— *Witness.—Expert.*—A witness called to testify as an expert, concerning an occupation requiring a particular kind of skill and experience, must, to be competent, show himself to be possessed of such skill and experience.

SAME.—*Master and Servant.—Negligence.—Action by a Servant against his Master and a Co-Servant.*—In an action by an employee, against his employer and another employee, to recover damages for personal injuries received by the plaintiff while performing a particular service for the employer, alleged to have resulted from the negligence of the defendant employee in performing a different service for the employer, and in superintending the service being performed by the plaintiff, the defendant employee may give in evidence the terms of his contract with the employer for the performance of such service, to determine which, if either, of the defendants is liable to the plaintiff.

INSTRUCTION TO JURY.—*Assumption of Court.—Admissions of Parties.—Supreme Court.—Presumption.*—A statement of the court to the jury trying a cause, made in its instructions to them, that certain specified matters have been admitted by the parties to the action to be true, will, on appeal to the Supreme Court, be presumed to be true, in the absence of any thing in the record to the contrary.

SAME.—An instruction to the jury trying a cause, that, if a person once knows a particular thing, he will be presumed to retain it indefinitely thereafter, in his memory, is erroneous.

MASTER AND SERVANT.—*Negligence.—Servant's Liability to Co-Servant.*—An employee is liable to a co-employee, engaged in the same general business for a common employer, for injuries resulting to the latter from the negligence of the former in the discharge of his duties.

From the St. Joseph Circuit Court.

*A. Anderson, W. G. George,* and *J. Brownfield, Jr.,* for appellant.

*L. Hubbard,* for appellee.

PERKINS, J.—This is an action brought by Harbou against the appellant, Hugh L. Hinds, and the Studebaker Brothers Manufacturing Company, to recover for injuries suffered by Harbou, which he claims were occasioned by the negligence of the appellant and of the said corporation. The complaint is in three paragraphs:

In the first paragraph, the appellee charges, that he was a carpenter, and was employed in his trade by the Studebaker Brothers Manufacturing Company, to labor in and about the constructing of a building, which the company was then erecting, to be used by them as a wagon and carriage factory; that the appellee was, by the direction of the said company, placed under charge of the appellant, Hinds, who was then in the employment of the company as their general superintendent of buildings, and of the men engaged on the said building; that, on the 21st day of November, 1874, while so laboring on the second story of the building in question, the defendants carelessly and negligently caused a trench, or ditch, to be dug along the side of a brick wall forming a part of said building, to such a depth, and so close to the wall, that the wall fell, carrying down with it the second story, on which the appellee was laboring, and thereby threw down and greatly injured the appellee.

The charge in the second paragraph is, that the ditch was dug by, and under the direction of, one Levi Drisco; that Drisco was an incompetent person to have charge of such work, and that, at the time, the defendants knew him to be incompetent; that, with the knowledge and consent of the defendants, Drisco carelessly and negligently dug a ditch to such depth, and so close to the wall, that the wall was caused to fall, and thereby injured the appellee.

The third paragraph is substantially the same as the first, except the further averment is made, that the ditch was being excavated for the purpose of having sewer pipe laid therein, and that the sewer pipe, and the connections

of the same, were so low, that the digging of the ditch deep enough to receive it, and make the connections, would necessarily endanger the wall and cause it to fall.

Hinds demurred to each paragraph of the complaint, for the reason that the same did not state facts sufficient to constitute a cause of action against him. The demurrer was overruled.

The defendants answered by a general denial. Trial, verdict against Hinds, and in favor of the Studebaker Brothers, and judgment on the verdict, over a motion for a new trial by Hinds.

The grounds on which the motion for a new trial was based were:

1. That the verdict was not supported by the evidence;

2. That it was not supported by any evidence;

3. That the damages were excessive; and,

4. Errors of law occurring at the trial.

The errors of law occurring at the trial consisted in the admission and rejection of testimony, and in the giving and refusing of instructions to the jury.

The error assigned in this court is the overruling of a motion for a new trial.

One of the grounds stated in the motion for a new trial was the admission in evidence of the opinion of one Greenawalt, as an expert.

John Greenawalt, being duly sworn, testified, among other things, as follows:

" I have superintended the laying of some sewer pipe, and have laid some sewer pipe along the sides of walls. I have noticed some little such work being done, but have not specially noticed such work. I have put in sewers here in streets, and have seen some such work as this done, in Indianapolis."

This was all that this witness stated as to his experience. The appellee then inquired of the witness: " What was the customary mode of putting in sewer pipes alongside of walls, when it was desired to put the pipes from

six to ten inches below the walls, with reference to the amount of excavation that could be safely made at one time?" The appellant objected to this question, on the ground that the witness was not shown to have been an expert. The objection was overruled, and, in reply thereto, the witness testified: "The custom, so far as I understand it, is to excavate but a short distance at a time, filling up the excavation as you proceed."

In the case before us, an expert would be one having skill and experience in the construction of sewers along the walls of buildings, that would enable him, on hearing a description of the manner in which that involved in this case was constructed, to state whether it was done according to the rules prescribed by science and skill in that branch of business.

The witness, in this case, was not shown to have possessed the knowledge and experience which rendered him competent to testify as an expert.

The next error to which counsel call attention is the refusal of the court below, to permit Mr. Hinds to testify as to the terms of his contract with the Studebaker Brothers Manufacturing Company, by which he had engaged in their service.

The question put to Mr. Hinds, by his counsel, was as follows: "State the terms of the contract, by which you assumed control of mason work and other outside work just mentioned by you, and the terms of the contract under which you had control of such work, at the time of the injury to the plaintiff." This question was not allowed to be answered, "except as to the terms of the contract for the doing of this work."

The defendant Hinds then offered to prove: "That he was engaged to, and did, superintend the manufacture of the iron work, and purchase of iron, and, in so doing, did superintend some two hundred men." This testimony was rejected.

It was proper to show the powers and duties of Hinds,

under his employment by the Studebaker Brothers, with a view to the question of their liability, and of the non-liability of Hinds, to the plaintiff, for the injury of which he complained in this suit.

But we think the evidence which was permitted to go to the jury fully disclosed the relations between these two parties, and that the defendant Hinds was not injured by the ruling of the court now being considered.

The court, among others, gave the following instructions to the jury, viz.:

"There seems to be no controversy in regard to the following facts, to wit: That, on the 21st day of November, 1874, the plaintiff was engaged by the defendant The Studebaker Brothers Manufacturing Company, as a carpenter, and was at work on the second story of the building, near the wall which fell, and that he knew nothing of the character of the work going on in the excavation at the foot of the wall, endangering his safety while it was going on; that, on that day, the defendant Hinds directed the ditch to be dug along the side of said wall, it being a brick wall, sixteen inches thick, two stories high, set upon a cobble-stone foundation thirty inches wide at its base, drawn in to twenty inches wide at the top, and that the ditch was dug for the purpose of laying down a sewer pipe, to be connected at each end with guide sewer pipes already laid in or under walls at each end of the ditch. It is further taken as admitted, that, when the ditch was about completed, the wall fell, carrying down the timber on which the plaintiff was at work, throwing him violently on a floor, breaking his leg and otherwise injuring him. It is further admitted, that the buildings being erected, and the ditch dug, were for the company, and that defendant Hinds had charge of the mason work, and the excavation of the ditch. It is also admitted, that Drisco was the foreman in charge of the excavation of the ditch, and that he was directed by Hinds, as the agent of the Studebaker Brothers Manu-

facturing Company, to dig the ditch along the wall, to a depth sufficient to lay sewer pipe on a level with the guide pipes at each end, in connection with that already placed at each end of the ditch.

"If Hinds directed the ditch to be dug to a certain depth, as, for instance, to the guide pipe, at the time knowing the depth of the wall, or knew it when it was built (and he is presumed to remember it), and such depth was so far below the foundation of the wall, as, in the judgment of a man of ordinary prudence, would endanger the fall of the wall, Hinds is liable."

Nothing appears in the record, showing that the admissions recited in the first of the above instructions, were not made. The presumption is, in the absence of anything in the record showing the contrary, that the statement of the court was true.

In the state of the record, the instruction cannot be held erroneous.

The second of the above instructions asserts, as a legal proposition, that if a person once knew a thing, he is presumed to retain it in his memory, and thus to know it indefinitely afterward. We doubt if general human experience justifies such a presumption, as one of fact. We are not aware that there is such a presumption of law.

We think the question of memory should have been left to the jury.

The point is made, that this action will not lie; that a servant is not liable for injuries happening through his negligence, to a fellow servant, in the employ of the same master, in the same general business; and *Albro* v. *Jaquith*, 4 Gray, 99, and *Southcote* v. *Stanley*, 1 H. & N. 247, are cited.

Elementary writers doubt or deny the authority of these cases. Addison Torts, 245; note *e*, by Green to Story Agency, sec. 453; Sherman & Redfield Negligence, 144.

We do not clearly perceive how it can well be, that in the little community of employees of the same employer, upon the same general undertaking, the common duties of man

to man, in society generally, should cease to exist, and, as a consequence, liability for breaches of them.

We think the action may be maintained.

The judgment is reversed, with costs, and the cause remanded, etc.