## No. 10,481.

### ROGERS *v*. OVERTON.

NEGLIGENCE.—*Liability of Fellow Servant.*—A servant is liable to his fellow servant for an injury resulting from his negligence.

SAME.—*Pleading.*—Where in a complaint for negligence it is necessary to negative contributory negligence on the part of the plaintiff, an averment that "the injury occurred without any fault" on his part is sufficient.

SAME.—*Employer and Employee.*—Obedience to a superior, who had a right to direct, by an inferior servant, whose duty was to obey, can not, as a question of pleading, be taken for negligence by the inferior, where it is also alleged that the latter was without fault.

DEFAULT.—*Practice.*—*Counter Affidavits.*—On motion to set aside a default for excusable neglect, counter affidavits upon the question of excusable neglect are proper.

VERDICT.—*Form.*—A caption to a verdict, naming the parties, is surplusage, and an error therein should be disregarded.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellant.

*H. Heffren* and *J. A. Zaring*, for appellee.

ELLIOTT, J.—The appellee's complaint alleges that he was employed as a laborer by the New Albany and Chicago Railroad Company; that he belonged to a "gang" of men under the immediate supervision of one Hurley, a "section boss" of the company; that the duty of the "gang" to which he belonged was to alter, construct and replace switches; that in doing this work it becomes necessary to bend bars of iron; that the usual and proper way to do this is to heat them and then hammer them with heavy sledges; that, on the — day of ———, 1880, the appellee was engaged in the work of replacing a switch, with other servants of his employer, under the supervision of Hurley; that the appellant was then the road-master of the railroad company, and as such had control and charge of all "section bosses" and "gangs of workmen;" that the appellant, having the control and direction of Hurley, and the men working under him, took charge and control of the work of replacing the switch, and assumed to and did di-

rect and control that work; that under the rules of the company he had full authority and control over Hurley and his gang; that appellant knew that bending the bar without heating was improper, unskilful and dangerous, as in fact it was; that the boss of the gang, Hurley, had given orders for the heating of the bar, but the appellant, being his superior and having control over him, countermanded this order, and directed that the bar should be fastened at one end and the other elevated several feet above the ground; that he then commanded appellee to climb upon the elevated end of the bar; that he obeyed this command; that the bar broke, casting him to the ground; that a part fell on him and so injured him as to make him a cripple for life; and that the injury occurred without any fault on his part.

It is contended that the complaint is bad, because it does not aver that the appellee's negligence did not contribute to the injury. This contention rests upon the assumption that the word *fault* is not equivalent to the word *negligence*. We regard the words as having substantially the same meaning, and think that one who avers that he is without fault sufficiently shows that he was free from contributory negligence. The word *fault* is generally used by the courts and text-writers in the sense in which it is here employed by the pleader. *President, etc.,* v. *Dusouchett,* 2 Ind. 586; *Evansville, etc., R. R. Co.* v. *Hiatt,* 17 Ind. 102; *Riest* v. *City of Goshen,* 42 Ind. 339; *Louisville, etc., R. R. Co.* v. *Boland,* 53 Ind. 398; *City of Ft. Wayne* v. *De Witt,* 47 Ind. 391; Shearman & Redf. Neg., section 2.

The fact that Rogers and Overton served the same master does not preclude the latter from maintaining an action against the former for a wrongful or negligent act. A servant may maintain an action against his fellow servant for injuries received in the master's service. *Hinds* v. *Harbou,* 58 Ind. 121; *Hinds* v. *Overacker,* 66 Ind. 547 (32 Am. R. 114); *Griffiths* v. *Wolfram,* 22 Minn. 185; Whart. Neg., section 245. It was held otherwise in Massachusetts, but that decision has been

expressly overruled. *Osborne* v. *Morgan*, 130 Mass. 102; S. C., 39 Am. R. 437.

The general rule unquestionably is that a servant may recover from his fellow servant for injuries caused by negligence, and the only question here open to debate is whether the complaint makes a case within the rule. It is well settled that a master is liable who places a servant in a position of danger, and does not use due care to protect him from injury. This principle is applied to corporations acting through superior officers. Cooley Torts, 556, 563, auth. n. It certainly should apply to the officer who is himself sued for the injury resulting from his own wrong, and no reason has been assigned why it should not, nor has any case been referred to intimating a doubt upon the point, nor have we been able to discover any case seriously questioning the doctrine except the overruled case of *Albro* v. *Jaquith*, 4 Gray, 99.

The appellant contends, that the appellee, having accepted employment, assumed all risks incident to the character of the work which he undertook to perform. We do not question the general rule which counsel state, but we do adjudge that it does not apply to this case. Here the superior directed the work to be done in an unusual manner, which he at the time knew to be dangerous. It is settled law that a servant shall not be exposed to unnecessary and unusual danger, and if he is so exposed he may recover, for injuries resulting to him, from the wrong-doer who exposed him to peril. It can not be that a servant shall have no action against his superior who unnecessarily sends him to a place of extraordinary danger, for all sound principles and all well considered cases lead to a different conclusion.

It is contended that the appellee was guilty of contributory negligence in obeying the command of the roadmaster. The complaint shows that the latter had full control of appellee and of the work in which he was engaged; that he had control and supervision of all work of like character upon the entire line of the road, and was entrusted with full charge of

all such matters by the common principal. It is averred that it was the appellee's duty to obey all orders, and that in obeying the command to climb on the bar he was doing that which the duties of his employment required him to do, obeying the orders of his superior. A servant employed to do work according to the directions of an agent whom his employer has set over him ought not to be deemed negligent because he trusts to his superior knowledge and skill and obeys his command. It is not negligence on the part of a common laborer to obey the directions of one of the principal officers of a corporation. On the contrary, he may well presume that an agent of such a rank has been selected because of his superior skill and knowledge, and that he will duly exercise such care and skill. The laborer should certainly be allowed to presume that his employer would not set over him an ignorant, unskilled or careless superior. If there were no allegations in the complaint that the appellee was without fault, there would be much more plausibility in the appellant's argument; but this allegation has force enough to repel any presumption that he was negligent in trusting to the knowledge, skill and care of the superior agent under whose orders he acted.

The master is bound to employ competent agents, and a servant has a right to presume that his master obeys the law. It is a mistake to suppose that this duty extends only to third persons. In *Chicago, etc., R. W. Co.* v. *Harney*, 28 Ind. 28, it was said: "Then, again, a master ought to be bound to all the world to employ none but competent and trustworthy servants, so far as reasonable care in their selection can accomplish that end." It would be unreasonable to hold a common laborer negligent for the reason that he does not set up his judgment against that of a roadmaster of a railway, entrusted by his principal with entire charge of the work in which the laborer's employment requires him to engage.

The appellant filed an affidavit and motion to set aside the default entered against him, but the court denied his motion. His counsel contend that it was not proper to permit a coun-

ter affidavit to be filed. In this they are in error; for it is well settled that counter affidavits are admissible upon the question of the applicant's excusable negligence. *Buck* v. *Havens,* 40 Ind. 221; *Bristor* v. *Galvin,* 62 Ind. 352.

Where there are counter affidavits filed, this court will not interfere with the action of the trial court, unless it clearly appears that there has been an abuse of discretion. In this case we think the court did right in refusing to set aside the default.

Counsel insist that the motion for a *venire de novo* should have been sustained, for the reason that the caption to the verdict entitles the cause improperly, placing the name of the defendant where that of the plaintiff should be. There is no force in this objection. The caption was mere surplusage.

Judgment affirmed.