No. 9786.

## FULWIDER ET AL. *v.* INGELS, GUARDIAN.

INSANITY.—*Pleading.*—*Contract.*—*Guardian and Ward.*—A complaint by a guardian to annul a contract, averring that the ward at the time " was of unsound mind and incapable, from mental incapacity, to transact business," and that he was soon afterwards adjudged insane by the proper court, sufficiently shows his incapacity to contract.

SAME.—If, in such case, the parties can, by the action of the court, though not by the insane person, be placed *in statu quo*, the contract may be avoided, though the mental incapacity was not known to the other party when the contract was made.

INSTRUCTIONS.—*Statements of Exceptions to General Rules.*—There is no error in failing, in an instruction, to specify exceptions to a general rule of law which is given, applicable to the case, when there is no evidence whatever tending to bring the case within such exceptions.

SAME.—*Presumptions of Fact.*—*Evidence.*—To instruct a jury that " a presumption of a fact is an inference of that fact from other facts that have been proven, and these inferential facts and presumptions are sufficient to base a finding upon, unless they are overthrown by other evidence," is error.

SAME.—*Jury.—Opinions of Witnesses.*—It is error, and a usurpation of the province of the jury, to instruct that the opinions of witnesses who best knew a person whose sanity was in question, and were most familiar with the operations of his mind, are of greater weight than the opinions of others, equally capable, whose opportunities of observation were not so good.

From the Howard Circuit Court.

*N. R. Linsday, T. A. DeLand, J. W. Kern* and *C. N. Pollard,* for appellants.

*R. Vaile* and *J. F. Vaile,* for appellee.

BICKNELL, C. C.—The appellee, as the guardian of John McQuiston, a person of unsound mind, brought this suit to set aside an exchange of lands, agreed upon and partially completed by McQuiston and his wife. The complaint averred that the defendants William A. Fulwider, Judith Fulwider and Cynthia E. Armfield were the owners of 142 acres of land, and agreed with McQuiston to convey the same to him for $1,800 in money and a conveyance to them by him of 120 acres of his lands; that, on the 19th of August, 1880, said conveyances were executed and said $1,800 was paid, but by the contract there was to be no change of possession until the following March; and that the parties are still in possession of the lands originally owned by them; that at the time of making said contract said McQuiston "was of unsound mind and incapable from mental incapacity to transact business;" that in the month of December, next thereafter, he was adjudged to be of unsound mind by the Howard Circuit Court; and that on January 5th, 1881, the plaintiff became his guardian. Calvin C. Armfield, the husband of Cynthia E. Armfield, and Susan McQuiston, the wife of John McQuiston, are made co-defendants.

The complaint averred further that the land conveyed to McQuiston was worth $2,000 less than the land he conveyed; and that on January 25th, 1881, the plaintiff, as such guardian, notified said William A. Fulwider, Judith Fulwider and Cynthia E. Armfield that he disaffirmed the contract aforesaid,

and he demanded of them a reconveyance, and the repayment of said $1,800, which they refused. The relief demanded was that said conveyances be set aside, the contract declared void, or that a commissioner be appointed to reconvey to said McQuiston his land, and that said William A., Judith and Cynthia E. be ordered to pay McQuiston said sum of $1,800, and that the same shall be a lien on their land; and that the court will further order that said plaintiff, as guardian, and said Susan McQuiston shall reconvey to said William A., Judith and Cynthia E. their land, or that a commissioner may be appointed so to do, etc.

The first error assigned by the appellants is overruling a demurrer to this complaint. The only objection made is that the complaint ought to state, and does not state, the nature of McQuiston's unsoundness of mind, nor what kind of business he was unable, from mental incapacity, to transact. This objection can not be sustained. There was no error in overruling the demurrer to the complaint. *Willett* v. *Porter,* 42 Ind. 250, 254; *Kenworthy* v. *Williams,* 5 Ind. 375; *Reed* v. *Watson,* 27 Ind. 443; *Eggers* v. *Eggers,* 57 Ind. 461, 463.

The defendant Susan McQuiston separately answered the complaint, admitting its allegations to be true. The other defendants answered by a general denial. The defendant William A. Fulwider separately, and the defendants Judith Fulwider and Cynthia E. Armfield jointly, filed cross complaints against the plaintiff and John McQuiston and Susan McQuiston, in which they respectively claimed to be owners of the land conveyed by John McQuiston, and that the possession thereof was wrongfully withheld from them respectively by said plaintiff and said John and Sarah McQuiston; and they respectively demanded the possession of said land and damages. The plaintiff and Susan McQuiston filed joint answers in denial of said cross complaints. The plaintiff also filed separate answers to said cross complaints, reciting the contract as stated in the complaint, and the conveyance of the defendants, as stated in the complaint; and that McQuiston and wife

conveyed part of his land to said William A. Fulwider, and part of it to said Judith and Cynthia, and paid $1,800, as stated in the complaint, and that they have no title to said lands except by said conveyances, and that said contract and conveyances were made when said John McQuiston " was insane, and had not sufficient mental capacity to transact business or to understand the nature, purport and full effect of said contract and conveyances;" that possession was to have been taken under said conveyances on March 1st, 1881, but before that time said plaintiff had given said cross complainants written notice that he, as guardian of said John McQuiston, disaffirmed said contract, and demanded a reconveyance of said lands and the repayment of said $1,800. Wherefore said cross complainants are not entitled to possession, etc.

To these separate answers of the plaintiff to said cross complaints the cross complainants filed replies in denial.

The defendants, except Susan McQuiston, filed a second paragraph of answer to the plaintiff's complaint, in substance as follows: Admitting the contract and conveyances as stated in the complaint, and the payment of said $1,800, that the defendants had no knowledge, notice or intimation that said McQuiston, at the date of the contract, or during the negotiations therefor, was of unsound or weak mind, or in any way impaired in intellect; that they made the contract in good faith; that McQuiston all the time was apparently of sound mind, and was believed so to be by the defendants; that he had not then been judicially declared insane; that he was pursuing his vocation as a farmer, and caring for his family as men of sound mind ordinarily do; that he is now under guardianship as an insane person; that he has never offered to reconvey to them their land, nor has the plaintiff, as his guardian, offered to do so; that his said wife has not offered to reconvey to defendants her inchoate interest in the land conveyed by them to McQuiston, and can not do so, because her husband, being under guardianship, etc., can not give his assent thereto, nor

can he reconvey said land to these defendants.    Wherefore,. because, by reason of the facts aforesaid, they can not be placed *in statu quo*, they demand judgment, etc.

Overruling a demurrer to this paragraph is the second error assigned by the appellants.    Contracts of an insane person,. not judicially declared to be such, are not void but voidable,. and may, upon the removal of the disability, or by a lawfully appointed guardian, be disaffirmed.    *Fay* v. *Burditt,* 81 Ind.. 433 (42 Am. R. 142) ; *Hardenbrook* v. *Sherwood,* 72 Ind. 403.. Where such contracts have been executed, there must be a dis- affirmance before suit brought.    *Schuff* v. *Ransom,* 79 Ind. 458.. In *Nichol* v. *Thomas,* 53 Ind. 42, citing *Gibson* v. *Soper,* 6 Gray,. 279, and *Foss* v. *Hildreth,* 10 Allen, 76, it was held that an action may be maintained after disaffirmance to recover land conveyed by an insane person without first restoring the con- sideration ; but in *Fay* v. *Burditt, supra,* it was said that there is a conflict of authority in this respect, and there are many recent cases to the effect that where a person, apparently of sound mind, and not known to be otherwise, fairly and *bona fide* purchases property, and the contract becomes so far exe- cuted that the parties can not be placed *in statu quo,* such con- tract can not afterwards be set aside either by the alleged in- sane person or by his representatives.    See the cases cited in Addison Con., 6th ed., 1033-4; and Smith Con., 5th ed.,. 343.    Assuming this to be the law, and that the older au- thorities are not to be followed, still the defence under con- sideration is not sufficient, because it fails to show that the parties can not be placed *in statu quo.*    It is true they can not be so placed by the act of the insane person, or of his guar- dian, or of the wife of the insane person ; they can not re- convey to the parties, but the court can, and the complaint prayed that commissioners might be appointed for that pur- pose.    In any view, therefore, the defence was insufficient, and there was no error in overruling the demurrer to it.

The issues were tried by a jury, who found for the plaintiff ; and also found for the plaintiff and Susan McQuiston upon

the cross complaints. A motion for a new trial by all the defendants was overruled. The court rendered judgment upon the verdict in favor of the plaintiff against the defendants William A. Fulwider, Judith Fulwider and Cynthia E. Armfield for $1,800 and costs, and appointing a commissioner to reconvey to said John McQuiston his said land, and another commissioner to reconvey to said defendants their land and all the interest of said John McQuiston and Susan, his wife, therein. The court also rendered judgment against the cross complainants on their cross complaints. The defendants, except Susan McQuiston, appealed.

They assign three errors, the first two of which have already been considered. The third is overruling the motion for a new trial. Sixteen reasons were presented in support of this motion. Of these the first, second, third, sixth and tenth are not mentioned in the appellants' brief, and are, therefore, regarded as waived. The fourth reason embraces instructions given by the court, numbered from three to twelve inclusively, but of these the sixth, seventh and tenth only are mentioned in the appellants' brief, the objections to the others are, therefore, regarded as waived. That part of the sixth instruction which is objected to is as follows: " But when it is shown by evidence that a man has been at one time insane or of unsound mind, the law presumes that he remains so until it is shown by the evidence that he has been either wholly or temporarily restored to sanity or soundness of mind." The objection urged against this is that the instruction is right as far as it goes, but fails to state an exception to the general rule asserted, namely, that where insanity or unsoundness of mind is produced by disease or accident, the presumption of its continuance does not obtain. Conceding, without deciding, that such an exception exists, the instruction was not erroneous for failing to state it. *Bissot* v. *State*, 53 Ind. 408 ; *Chamness* v. *Chamness*, 53 Ind. 301 ; *Boffandick* v. *Raleigh*, 11 Ind. 136 ; *Carpenter* v. *State*, 43 Ind. 371 ; *White* v. *Beem*, 80 Ind. 239 ; *Adams* v. *Stringer*, 78 Ind. 175. In fact the

testimony did not indicate a transient insanity produced by disease or accident; if the appellants supposed that it did, and desired an instruction in reference thereto, they should have demanded it.    *Reissner* v. *Oxley,* 80 Ind. 580.

The seventh instruction is as follows: "A presumption of a fact is an inference of that fact from other facts that have been proven, and these inferential facts and presumptions are sufficient to base a finding upon, unless they are overthrown by other evidence."

The tenth instruction is as follows: "The opinion of witnesses, whose attention has been particularly called to the alleged insane person, who were familiarly acquainted with him, who had frequent opportunities of observing him and the operations of his mind, is ordinarily entitled to greater weight than that of witnesses of equal capacity whose opportunities of forming an opinion were more limited. The facts upon which the opinions of such witnesses are based have been given you, and you should weigh the opinion expressed with the facts testified and stated to you, upon which such witnesses based such opinion."

The seventh instruction lacks an essential qualification. It ought to have stated that these inferential facts and presumptions, if fair and reasonable, may be sufficient to authorize a finding, unless overthrown by other evidence.    The instruction tells the jury, substantially, that any inference from any other facts proven, is sufficient to base a finding upon, unless overcome by other evidence.    It is not true that presumptions from other facts proven, even although fair and reasonable, are always sufficient to authorize a finding.    The tenth instruction is also erroneous.    It tells the jury in substance, that where witnesses are of equal capacity, the opinions of those who have better means of knowledge are ordinarily of greater weight than the opinions of those who have less means of knowledge; but this leaves out of view the essential element of credibility, and, even if true in fact, it is not a presumption of law.    It has been often held to be error to state to a jury,

as a legal proposition, matter which, although true in point of fact, and therefore belonging exclusively to the jury, does not amount to a legal presumption. Thus it has been held error to instruct a jury that, other things being equal, oral testimony is entitled to greater weight than depositions. *Millner* v. *Eglin*, 64 Ind. 197 (31 Am. R. 121) ; *Works* v. *Stevens*, 76 Ind. 181. So it has been held error to instruct a jury that "One interested will not, usually, be as honest and candid as one not so ;" *Greer* v. *State*, 53 Ind. 420 ; *Veatch* v. *State*, 56 Ind. 584 (26 Am. R. 44) ; or that, if a person once knows a thing he is presumed to remember it ; *Hinds* v. *Harbou*, 58 Ind. 121 ; or that, if a witness is interested in the result of a prosecution it tends to discredit him ; *Pratt* v. *State*, 56 Ind. 179 ; or that the evidence of parties to the action and those related to them is not entitled to as much weight as the evidence of disinterested witnesses ; *Nelson* v. *Vorce*, 55 Ind. 455 ; or to institute a comparison between the weight of the evidence of different witnesses ; *Nelson* v. *Vorce, supra ; Cunningham* v. *State, ex rel.*, 65 Ind. 377 ; *Wood* v. *Deuichman*, 75 Ind. 148. The court in the tenth instruction did not merely tell the jury that the matters alluded to were matters which they had a right to consider and judge for themselves in determining the question as to the relative weight of the opinions of witnesses ; to this there could have been no objection ; *Pratt* v. *State, supra ;* but the court went further, and told the jury how to determine the question, and so the court violated the principle of the foregoing decisions, and usurped the province of the jury. We can not say that this error did no harm because the principal witnesses for the plaintiff were persons " familiarly acquainted with the alleged insane person, having had frequent opportunities of observing him ;" while the witnesses of the defendants had " more limited opportunities."

The fifth reason for a new trial is error of the court in refusing to give to the jury instructions Nos. 1, 2, 3, 4 and 5, asked for by the defendants. The defendants, in their brief, discuss only the second and fifth of these instructions. The

objections to the others are, therefore, regarded as waived. When the instructions given to the jury are not in the record, the refusal of instructions asked by a party is not available as error. *Coryell* v. *Stone*, 62 Ind. 307; *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110, 118. In this case the record does not profess to contain all the instructions given. In the absence of an affirmative showing, we might presume that the court gave other instructions. *Pittsburgh, etc., R. R. Co.* v. *Noel, supra*. But here the bill of exceptions shows that other instructions were given which are not in the record. Therefore, upon the fifth reason for a new trial no question is presented. As the case must be reversed for the errors in the seventh and tenth instructions given by the court, it is unnecessary to consider the other reasons for a new trial. The judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee.