## CINCINNATI, LAWRENCEBURG & AURORA ELECTRIC STREET RAILROAD COMPANY *v.* SWALES.

[No. 5,227. Filed April 20, 1905.]

1. APPEAL AND ERROR. — *Assignment.* — *Waiver.* — An assignment of error not discussed is waived. p. 309.
2. TRIAL.—*Instructions.*—*Admissions.*—Where an instruction, informing the jury that certain facts were admitted, is objected to on the ground that no such admissions are "in the record," such objection is not well taken where it is not shown that such facts were not admitted in open court. p. 310.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by Ora L. Swales against the Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Stanley Shaffer, Frank B. Shutts* and *Martin J. Givan,* for appellant.

*Roberts & Johnston,* for appellee.

ROBY, J.—Action by appellee for damages on account of personal injuries alleged to have been received while a passenger upon one of appellant's electric cars, which collided with another car approaching it upon the same track. A demurrer to the complaint was overruled, a general denial filed, trial had, and a verdict returned against appellant for $200, upon which the court rendered judgment.

1. Errors assigned are that the court erred in overruling appellant's demurrer to the complaint and in overruling its motion for a new trial. No objection to the complaint is pointed out.

2.  Grounds for a new trial discussed are that the court erred in giving instruction number five of its own motion, and that the damages assessed by the jury are excessive. The instruction complained of was as follows: "It is admitted that the defendant is a common carrier of passengers; that the plaintiff, on the 27th day of July, 1903, was a passenger on one of the defendant's cars, which collided with another car of the defendant on the same track, by reason of defendant's negligence, and that the plaintiff was injured without fault on his part. The only question left for your consideration is the extent of the plaintiff's injuries and the damages sustained thereby." The objection to the instruction is that "There is no admission of appellant *in the record* as stated by the court in said instruction." The gist of the objection is in the portion which we have italicized. It is not denied that an admission was made in open court exactly as stated in the instruction, and such statement is on appeal presumed to be true, in the absence of anything in the record to the contrary. *Hinds* v. *Harbou* (1877), 58 Ind. 121.

The damages assessed were not excessive. *Cincinnati, etc., St. R. Co.* v. *Leonard* (1905), *ante,* 268.

Judgment affirmed.