McShane v. Sanderson.

---

McSHANE, *Appellant*, v. SANDERSON, *Administrator*.

DIVISION ONE.

1. **Practice** : NEW TRIAL. Where the ruling is right in denying a new trial, it is immaterial that the court assigned a wrong reason therefor.

2. ———: ———. Under Revised Statutes, 1889, section 2241, the trial court cannot award a second new trial on the ground that the verdict is against the weight of the evidence.

3. ———: ———. The court may award new trials without limit, *first*, for prejudicial errors committed by the court; *second*, where the triers of fact have erred in a matter of law; *third*, where the jury has been guilty of misbehavior.

*Appeal from Audrain Circuit Court.* — GEORGE ROBERTSON, ESQ., Special Judge.

AFFIRMED.

*F. B. Minahan* and *Elijah Robinson* for appellant.

( 1 ) The court should have considered the question as to whether the verdict of the jury was against the weight of evidence in passing on plaintiff's motion for a new trial. The record entry made by Judge HUGHES,

after Mr. Robertson had been selected and qualified as special judge, should not have prevented the consideration of that question. A special judge having been selected, Judge HUGHES had no more authority to make any order in this case than if his official term had expired. *Dawson v. Dawson*, 29 Mo. App. 521. (2) The court had no right, at a subsequent term, to alter or amend the record, "from facts in the breast of the judge," and without any minute, record or paper showing what the entry should have been. *Fetters v. Baird*, 72 Mo. 389; *Atkinson v. Railroad*, 91 Mo. 50; *Gamble v. Dougherty*, 71 Mo. 599; *Belkin v. Rhodes*, 76 Mo. 643; *State v. Jeffors*, 64 Mo. 376; *Dunn v. Roley*, 58 Mo. 134; *Priest v. McMaster*, 52 Mo. 60; *Saxton v. Smith*, 50 Mo. 490. (3) The fact, that the record entry was not such as required by the statute, did not authorize the court to correct it at a subsequent term, from the judge's mere recollection of what he intended it to be. *Wooldridge v. Quin*, 70 Mo. 370.

*W. H. Morrow* for respondent.

BLACK, J.—The plaintiff had two demands allowed against the estate of George H. Hogue by the probate court of Pike county, one a note for $1,300 and interest, and the other an account for $3,006.90. The administrator appealed to the circuit court of that county, and after two mistrials the venue of the cause was changed to Audrain county. Proceedings were had in the circuit court of that county at the following terms and in the following order: October term, 1887. The cause was tried before Judge HUGHES and a jury, which resulted in a verdict for the plaintiff on the note, and a verdict for the defendant on the account. In due time plaintiff filed a motion for new trial.

January term, 1888: The motion for new trial was sustained, but the order as then made did not state the grounds upon which the motion was granted. Judge

HUGHES then declined to further hear the cause, and the parties agreed upon Mr. Robertson as special judge. The cause was then tried before him and a jury, which trial again resulted in a verdict and judgment for the plaintiff on the note and a verdict and judgment on the account for defendant. Plaintiff again filed a motion for new trial, alleging therein, among other things, that the verdict was against the weight of the evidence. The defendant filed a motion to correct the prior entry made by Judge HUGHES, sustaining the first motion for new trial, so as to show upon what grounds it was sustained.

June term, 1888 : The motion to correct the record entry was heard by Judge HUGHES and sustained, and the record corrected so as to state that the first new trial was granted on the ground that the verdict was against the weight of the evidence. The special judge then heard and overruled the second motion for new trial, and in doing so the record says he refused to consider the ground therein stated that the verdict was against the weight of the evidence, because a former like motion filed by the plaintiff had been sustained on that ground.

The bill of exceptions taken before the special judge does not set out the evidence. It simply shows that plaintiff offered evidence tending to prove the issues on his part, and defendant offered evidence tending to support the defense which was a denial of the plaintiff's alleged causes of action. The errors assigned in this court are these : " *First*, the court, Hon. E. M. HUGHES, committed error in passing on the motion to correct the record after the selection of a special judge; *second*, the court committed error in amending the entry sustaining the first motion for a new trial ; *third*, the court committed error in declining and refusing to consider the ground alleged in the motion for a new trial to the effect that the verdict was against the weight of the evidence."

In the view we take of this case it is not necessary to consider the first and second alleged errors. It will be assumed that Judge HUGHES had no right or power to hear the motion to correct the record after a special judge had been selected to try the cause. The order made by Judge HUGHES will be treated as a void order and hence out of the record.

The only remaining objection is this, that in overruling plaintiff's second motion for a new trial the special judge erred in refusing to consider the ground therein stated, that the verdict was against the weight of the evidence. If he had no right to grant plaintiff a third trial for such a reason, then he committed no error in refusing to consider that ground, and it makes no difference what reason he may have assigned for his ruling. The ruling being right, there is no error though a wrong reason may have been given. The question then arises whether he could of right grant a third trial for the reason that he believed the second verdict against the weight of the evidence.

Section 2241, Revised Statutes, 1889, provides: "Only one new trial shall be allowed to either party, except: *First*, where the triers of the fact shall have erred in a matter of law; *second*, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

The last clause of this section was added in 1887. Before that the section had been construed on several occasions by this court. This section, it was held, proceeded upon the supposition that the law had been correctly expounded by the court to the jury. It could, therefore, have no application when on a second or third trial the court erred in instructing the jury. *Boyce's Adm'r v. Smith's Adm'r*, 86 Mo. 317. Recently it was said: "We are of the opinion that this statute puts no limit to the number of new trials a circuit judge may grant either party when the new trials are granted on

account of errors committed by him in giving or refusing instructions, or in admitting or rejecting evidence." *State ex rel. v. Horner*, 86 Mo. 71. This must be the correct construction of the statute; for otherwise we must take the awkward position that a circuit judge cannot correct his own errors made on a second or subsequent trial. The matter, therefore, comes to this: The circuit court may award new trials without limit for these reasons: *First*, for prejudicial errors committed by the court; *second*, where the triers of fact have erred in a matter of law; *third*, when the jury shall be guilty of misbehavior. But these grounds do not cover the entire field of new trials. Thus the circuit court may award a new trial for the reason that the verdict is against the weight of the evidence, and this, too, though there is sufficient evidence to send the case to the jury. The action of the circuit court in granting a new trial on such a ground is not reviewable by this court. But the statute denies the trial court the right to award a second new trial on any such ground. One new trial having been granted to a party, no matter for what reason, the power to award that party other new trials is exhausted, except for some of the causes before mentioned as to which we have said there is no limit as to the number that may be awarded. A verdict against the weight of the evidence is not one of these excepted causes.

In this case the plaintiff had one new trial and it follows that he could not have another on the ground not considered by the special judge, and in reaching this conclusion it makes no difference for what reason the first new trial was granted. Any other conclusion would nullify the statute. The judgment is, therefore, affirmed. BARCLAY, J., absent; the other judges concur.