Steinhauser v. Spraul.

## STEINHAUSER, *Appellant*, v. SPRAUL.

### Division Two, March 14, 1893.

1. **Negligence**: EVIDENCE: REVERSIBLE ERROR. It is reversible error, in an action by a servant against his master's wife for personal injuries received in using, by her orders, an unsafe ladder, to refuse to permit the plaintiff to show that in using the ladder she was acting under the defendant's orders as her servant, and that defendant knew that the plaintiff in order to obey defendant's orders would be compelled to use a ladder which defendant knew was unsafe.

2. ————: MASTER AND SERVANT: FURNISHING MACHINERY. While the law does not require that the master shall furnish to his servant machinery and appliances which are absolutely safe, yet, in selecting them or in having them constructed for a particular purpose, he must use ordinary care and foresight and see that they are reasonably safe.

114  551
58a  634
58a  640

114  551
127  547

114  551
72a  589

114  551
167  653

114  551
168  4314

3. ———: ———: ———. .The servant has the right to assume that the machinery and appliances furnished by the master have been properly constructed.

4. ———: ———: ———. A servant is not guilty of such contributory negligence as to prevent his recovery for personal injuries received in using defective machinery under the master's direction, unless the danger was so glaring that no prudent person would have undertaken the risk.

5. **Practice**: AMENDMENT. The trial court does not abuse its discretion in refusing to permit the filing, at the trial, of an amended petition, where the proposed amendment is immaterial.

### ON REHEARING.

6. **Negligence**: FELLOW-SERVANT: DEFECTIVE INSTRUMENTALITY. An action may be maintained by a servant against his master's wife as fellow-servant for injuries received in using, at the wife's .direction, a ladder known to the wife to be unsafe.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*J. Hugo Grimm* for appellant.

. (1) The court erred in excluding testimony of the witness Anna Steinhauser. (2) The court erred in refusing to permit plaintiff to file the amended petition. *Weber v. Railroad*, 83 Mo. 262; *Carr v. Moss*, 87 Mo. 447; *Blair v. Railroad*, 89 Mo. 383; *McMurry v. Martin*, 26 Mo. App. 437. (3) The court erred in excluding testimony of the witness Michael Steinhauser and also of Susan Goetz. (4) The court erred in giving an instruction of nonsuit at the close of plaintiff's case. The fact, if true, that defendant was acting as the agent of her husband, did not relieve her from liability. *Harriman v. Stowe*, 57 Mo. 93; *Lottman v. Barnett*, 62 Mo. 168; *Martin v. Benoist*, 20 Mo. App. 262; *Bell v. Josselyn*, 3 Gray, 309. (5) There was sufficient evidence of negligence by defendant and that it caused

plaintiff's injury to be submitted to the jury. The question was whether under all the circumstances alleged and proved defendant was negligent in commanding plaintiff to perform the service commanded. This is a pure question of fact for the jury. 2 Thompson on Trials, sec. 1665, and cases cited; *Norton v. Ittner*, 56 Mo. 351; *Kuhn v. Railroad*, 92 Mo. 440. (6) "If the master orders the servant into a situation of danger and he obeys, and is thereby injured, the law will not deny him a remedy against the master on the ground of contributory negligence, unless the danger was so glaring that no prudent person would have entered into it, even where like the servant he was not entirely free to choose." *Stephens v. Railroad*, 96 Mo. 207; *Shortel v. St. Joseph*, 104 Mo. 114; *Young v. Shickle*, 103 Mo. 324; *Keegan v. Kavanaugh*, 62 Mo. 230; 2 Thompson on Negligence, p. 975, and cases in note 6; *Conroy v. Iron Works*, 62 Mo. 35; *Stoddard v. Railroad*, 65 Mo. 514; *Bromley v. Smith*, 12 Mo. App. 594.

*H. A. Haeussler* and *Broadhead & Hezel* for respondent.

(1) The court did not err in admitting the testimony of Anna Steinhauser and Susanna Goetz. *Buffington v. Railroad*, 64 Mo. 246; *Ely v. Railroad*, 77 Mo. 34; *Price v. Railroad*, 72 Mo. 414. (2) The exception saved to the refusal of leave to file an amended petition was not embraced in the same bill of exceptions, which set forth the alleged errors of the court in the matter of refusing to admit evidence, and hence the point will not be considered on appeal. (3) The instruction granting a *nonsuit* was proper. To entitle plaintiff to recover the act complained of must have been a misfeasance and whenever the agent is held liable for a

misfeasance it is not as a servant but as a wrongdoer. *Lane v. Colton*, 12 Mod. 488. The agent is only liable for his tortious acts. Shearman & Redfield on Negligence, sec. 244. In the cases cited by plaintiff the servant had done some overt act and that negligently.

BURGESS, J.—This is a suit for damages for personal injuries sustained by plaintiff on June 1, 1889, while in the employ of defendant's husband, Erwin Spraul, as a servant. The petition alleges that while plaintiff was thus employed the defendant, while acting as the agent of plaintiff and under whose control she was, carelessly and negligently ordered her to climb into a pigeon loft on the premises and catch some pigeons, knowing at the time that in so doing she would be compelled to use a ladder that was not suited for the purpose and was unsafe; and that plaintiff in so doing and while exercising due care fell and sustained serious and permanent injuries.

The answer is a general denial, except that it admits that defendant was the wife of Erwin Spraul and alleges that since the commencement of the suit she has intermarried with her present husband, John Gruen, and further alleges that the injuries occurred by reason of the carelessness and negligence of plaintiff contributing thereto.

The reply admits the intermarriage with John Gruen, but denies all other allegations in the answer.

During the trial plaintiff asked leave of court to file an amended petition which the court declined to permit her to do.

After all the evidence introduced on the part of the plaintiff had been heard the court sustained a demurrer to the evidence and directed a verdict for defendant. Plaintiff then took a nonsuit with leave to move to set the same aside, and, after having filed her motion for

that purpose, and for a new trial, and the same being overruled, she appealed to this court.

It is sought by this action to compel the defendant to respond in damages for injuries sustained by the plaintiff while the servant of defendant's husband in ascending a ladder to a pigeon house to catch some pigeons by the order and direction of defendant, under whose control she was; defendant knowing at the time, or by the exercise of ordinary diligence might have known, that the ladder was unsafe and unsuited for the purpose for which it was used.

Defendant was at the time of the injury the wife of one Erwin Spraul, and if she was his servant or agent and the direct cause of the injury, they were both liable in damages, and after his death the cause survived against her. There is no evidence, however, in this case that she was the agent of her husband in this matter, nor that she was his servant other than that which the law implies from their marital relations. She hired the plaintiff and seems to have had the sole management and control of her in and about her work as a domestic, and had had for over two years before the accident occurred.

Plaintiff had on many occasions used another ladder for the purpose of climbing into the pigeon house without injury; but the old one had been removed and the one that it is claimed occasioned the injury put in its place. She had also used the last one four or five times before she got hurt. The trouble with the ladder was that it was too long. The top of it when standing up against the pigeon house extending over and above the entrance, so that it could not be used in safety. There was no other ladder there at the time of the accident.

Plaintiff was sworn as a witness in her own behalf, and was asked among others the following questions:

"*Q.* Were you told your duties would be in the kitchen or not? Had Mrs. Spraul ever before told you to get pigeons out of there? Was there any other ladder about the premises at the time the direction was given you?

"*Q.* At the time when this thing happened to you was there another ladder about there?

"*Q.* I will ask you if Mrs. Spraul had that ladder made for that shed?

"*Q.* Did Mrs. Spraul, either on this occasion, or at any time before when she told you to get pigeons out of this loft tell you to take the ladder?

"*Q.* Did you or any body else in getting pigeons out of that shed ever enter that loft except by using that ladder?

"*Q.* Did Mrs Spraul at the time she told you to go up there say anything about using the ladder."

Michael Steinhauser, witness for plaintiff, was also asked the following questions:

"*Q.* Had you at any time before this accident been directed by Mrs. Spraul to get pigeons from this loft?

"*Q.* Did you ever tell Mrs. Spraul that this ladder used by your daughter on this day was an improper ladder for the purpose of entering the loft?"

Objections were made to each one of these questions, because they were immaterial, and sustained, and they were not allowed to be answered. It seems to us that they were entirely proper and clearly admissible for the purpose of showing that the plaintiff in using the ladder was acting under the direction of defendant as her servant, and that she knew that in order to get into the loft plaintiff would be compelled to use the ladder which she knew was unsafe for that purpose. Without this proof plaintiff was unable to make out her case, and in excluding it the court committed prejudicial error.

While the law does not require the master to furnish machinery and appliances that are absolutely safe, yet, in selecting it or having it constructed for a particular purpose he must use ordinary care and foresight, and see that it is reasonably safe. *Porter v. Railroad*, 71 Mo. 66; *Siela v. Railroad*, 82 Mo. 430; *Lewis v. Railroad*, 59 Mo. 495; *Bowen v. Railroad*, 95 Mo. 268; *Tabler v. Railroad*, 93 Mo. 79; *O'Donnell v. Baum*, 38 Mo. App. 245. The servant has the right to assume that the machinery or appliances furnished by the master has been properly constructed. *Lewis v. Railroad, supra; Porter v. Railroad, supra.*

In the case of *Stephens v. Railroad*, 96 Mo. 212, Judge BLACK, in delivering the opinion of this court, says: "It cannot be said that the servant and master are on an equal footing, even where they have equal knowledge of the danger. To so say is against common experience, and in disregard of the fact that the servant occupies a position subordinate to the master; the primary duty of the servant is obedience. It does not follow, because the servant could justify a disobedience of the order, that he is guilty of negligence in obeying it."

While the plaintiff had been using the ladder and might have known that it was unsafe, yet, if she was ordered to use it by defendant and it was unsafe and she obeyed, the law will not deny her a remedy against the defendant on the ground of contributory negligence, unless the danger was so glaring that no prudent person would have entered into it, when like the servant, he was not entirely free to choose. 2 Thompson on Negligence, 975.

If then defendant was the servant of her then husband in ordering plaintiff to catch the pigeons, or if she was not such servant, and as principal gave such order, knowing that in so doing she would be compelled

to use a ladder in order to get them, that she either knew or might have known by the exercise of ordinary care and diligence was unsafe and dangerous, and that the danger was not so apparent that a person of ordinary prudence and caution would not have undertaken the risk, the defendant will be held responsible in damages for the injury. *Harriman v. Stowe*, 57 Mo. 93; 2 Thompson on Negligence, sec. 1, p. 1060; *Fort v. Whipple*, 11 Hun, 586; *Stephens v. Railroad*, 96 Mo. 207; *Shortel v. St. Joesph*, 104 Mo. 114.

Appellant also contends that the court committed error in refusing to permit her to file an amended petition. This was during the trial of the cause, and, as the proposed amendment does not seem to us to be material, we are not prepared to say that the court abused its discretion in refusing permission to do so. This was a matter entirely within the exercise of a sound discretion, and we should not be inclined to reverse the case on this ground.

But because of the error of the court in refusing to allow the plaintiff and the witness, Michael Steinhauser, to answer the questions propounded to them, referred to in this opinion, and in sustaining the demurrer to the evidence, the cause is reversed and remanded to be proceeded with in conformity with the views, herein expressed. All of this division concur.

### ON REHEARING.

BURGESS, J.—It is urged that the court overlooked a question decisive of the case, in this, that the court overlooked the proposition of law raised by defendant's demurrer to the evidence, and did not consider the question of whether the act alleged to be tortious was a misfeasance for which a *servant*, which the petition alleges defendant was, could be held to answer in damages.

In the case of *Osborne v. Morgan*, 137 Mass. 1, the facts were that the general superintendent of a manufacturing corporation whose works covered several acres of ground, and in whose employ there were a large number of men including plaintiff, a mechanical fixture consisting of a rail sixteen feet above the ground, on which was a movable truck and chain; the rail was to go from one side of the building to the other. The machine was made too short, so that, at one end, it only came within fourteen inches of the side of the building. The master builder put it up and left it without a stop. After the mill had been running some time, a closet was built under the end of the rail, so that in fact, although it was not designed for this purpose, the truck could not get off of the rail while the closet remained on account of the chain going against it. The day after the closet was made the general superintendent ordered the closet removed so far as it interfered with the movement of the truck; and while the plaintiff, a carpenter in the employ of the corporation, was engaged in this work, as directed by the master builder, the truck came off the rail and injured him, and it was held, in an action by him against the general superintendent for the injuries sustained, that even if the defendant was not liable for any negligence in the construction of the building or its appliances, the jury would be warranted in finding that the defendant, who was also an employe, failed in his duty to the plaintiff, in ordering him to move the closet, without ascertaining whether the removal would be attended with danger, and that the action could be maintained.

In the case of *Rogers v. Overton*, 87 Ind. 410, one fellow-servant was injured by being directed by another fellow-servant under whose control he was at the time, to climb upon the elevated end of a bar of iron about

which they were at work, and he obeyed; notwithstanding the plaintiff and the defendant were serving the same master did not preclude the former from maintaining an action against the latter for a wrongful or negligent act.  A servant may maintain an action against his fellow-servant for injuries received in the master's service.  *Hinds v. Harbou*, 58 Ind. 121; *Hinds v. Overacker*, 66 Ind. 547; *Griffiths v. Wolfram*, 22 Minn. 185; Wharton on Negligence, sec. 245.

In the case of *Rogers v. Overton, supra*, the court says:  "It is settled law that a servant shall not be exposed to unnecessary and unusual danger, and if he is so exposed he may recover for injuries resulting to him from the wrongdoer who exposed him to peril. It cannot be that a servant shall have no action against his superior who unnecessarily sends him to a place of extraordinary danger, for all sound principles and all well considered laws lead to a different conclusion."

The petition alleges that Mrs. Spraul was the agent and servant of her husband, a fact which their relations implied.  If, therefore, she ordered plaintiff to use a ladder which she knew was unsafe, by reason of which plaintiff was injured without fault or negligence on her part, defendant was guilty of a misfeasance for which she and her husband were jointly liable, and the action after his death survived against her.  *Harriman v. Stowe*, 57 Mo. 93, and cases cited.

It was for the jury to determine under the evidence and instructions of the court, whether the ladder which occasioned the injury was the one that plaintiff was directed by defendant to use or not, and for that purpose the evidence offered and excluded by the court was admissible.

We think that there was evidence enough to entitle the plaintiff to the opinion of a jury either on the question of negligence of defendant, as the servant

and agent of her husband, or as principal, and the case will be reversed and remanded that plaintiff may amend her petition if so inclined.

For these reasons the judgment should, as first ordered, be reversed and remanded. All of this division concur.