O'Neil v. Young.

JOHN E. O'NEIL, By Next Friend, Respondent, v. C. YOUNG AND SONS' SEED AND PLANT COMPANY, AND JOHN YOUNG, Appellants.

St. Louis Court of Appeals, March 20, 1894; Motion for Rehearing Overruled September 18, 1894.

1. **Negligence:** PLEADING. The petition in a suit for injuries resulting from defects in an elevator does not state two causes of action, because it charges negligence on the part of the defendant in failing to comply with a municipal ordinance for the inspection of elevators, and further in permitting the elevator to be operated by an unsound cable.

2. **Practice, Appellate:** PRESERVING OBJECTIONS TO INSTRUCTIONS. An appellant can not complain of an error in the instructions, unless he has saved an exception to the giving of them.

3. **Contributory Negligence:** INSUFFICIENCY OF EVIDENCE. The evidence in this cause is considered, and is held not to conclusively establish contributory negligence on the part of the plaintiff.

4. **New Trials:** RIGHT OF PARTY TO SECOND NEW TRIAL. When a party has already had one new trial, no matter what the reason, neither the trial court nor this court can grant him a second new trial on the ground that the verdict is opposed to the weight of the evidence.

5. **Master and Servant:** LIABILITY OF LATTER TO THIRD PERSONS FOR NEGLIGENCE. A servant is only responsible to third persons for active negligence or misfeasance while acting in the scope of his employment, and, therefore, the managing officer of a corporation is not personally liable to one of its employees who at his direction uses an unsafe appliance furnished by the corporation, unless he was aware of the unsafe condition of the appliances at the time.

6. ———: ———. But *held* by BOND, J., *dissenting*, that such personal liability exists, if such managing officer could have ascertained the unsafe condition of the appliance through the exercise of ordinary care.

*Appeal from the Jefferson Circuit Court.*—HON. J. F. GREEN, Judge.

AFFIRMED in part and REVERSED in part.

O'Neil v. Young.

*John A. Talty* and *Dinning & Byrns* for appellants.

*James R. Kinealy* for respondent.

BIGGS, J.—This action is one to recover damages, for personal injuries received by the plaintiff through the fall of a hand hoist or elevator, under which he stood while lifting it. The defense is a general denial and the plea of contributory negligence. On the trial of the cause before a jury the plaintiff recovered a verdict both against the defendant corporation and John Young, who is president of the corporation. The defendants appeal and assign for error that the court committed error in not requiring plaintiff to elect on what cause of action he would proceed, and that it erred in admitting illegal evidence against defendants and in its charge to the jury. The defendants also contend that their demurrer to the evidence should have been sustained, because the fact that the accident was the result of the plaintiff's own negligence was evident from all the testimony; also that there is no evidence whatever on which a verdict and judgment against John Young can be sustained; also that their motion for new trial should have been sustained.

The petition states that the elevator in question was used by the defendant corporation in its business in the city of St. Louis; that it ran from the ground floor to the second floor of the building, was operated by hand and had a hoisting capacity of over three hundred pounds. The petition then states that there was, at and anterior to the accident, an ordinance in force in the city of St. Louis, requiring the inspection of all hoists and elevators of this character by a city official appointed for that purpose at least once every six months, and that the defendants neglected to comply with the provisions of said ordinance. The petition

further charges that the wire cable by which the elevator was operated was unsound, imperfect, weak and unsafe, for the purposes for which it was used, which facts were known to the defendants, or by the use of ordinary care might have been known; that the plaintiff was an employee of the, defendant corporation, and was requested by the defendant Young to hoist a load of glass on said elevator, and that, while he was so engaged, the wire cable by means of which it was operated broke on account of its unsound and imperfect condition, precipitating the car or cage of the elevator upon the plaintiff, and causing him the injuries complained of.

At the trial the defendants moved the court to compel the plaintiff to elect on what cause of action he would proceed. This motion was overruled, and rightly so. The petition states but one cause of action, to wit: "The defendants' negligence in operating the hoist with a wire cable insufficient for that purpose, which gave rise to the accident." The petition is technically defective in not charging that the failure to comply with the ordinance was the cause of the accident, which ought to be done, if that is relied upon as an element of recovery; but this defect could not be reached by a motion to elect.

When the ordinance above mentioned was read in evidence, the defendants excepted to it on the sole ground that it had not been shown that the lift or hoist in question had a lifting capacity of over three hundred pounds. This objection was properly overruled. Several witnesses had testified anterior to this that a hoist, constructed as this was, and operated by a half-inch wire tiller rope as this was, had a lifting capacity of over three hundred pounds. It is true there was no evidence in the case that the hoist was ever used anterior to the date of the accident for hoisting a weight of

three hundred pounds or more, or that it was furnished for purposes of lifting any such weight. In determining, however, the applicability of the ordinance, we think the capacity of the hoist or elevator, and not the purposes for which it is actually used, must be considered. Any other rule would render the desired control by the city wholly impracticable. We will refer to this subject hereafter in another connection. Had the defendants objected to the ordinance on the ground that the petition did not charge its nonobservance as causing the accident, the plaintiff might have amended his petition in that respect. An objection of that kind can not be entertained, when first made after verdict. The objection should have been made by requiring the plaintiff to make his petition more definite.

We find that the instructions given on behalf of the plaintiff are erroneous. They lose sight of the proposition, which underlies all these cases, that the master's liability to the servant for injuries arising to him from defective appliances arises not from the fact that the appliances are defective, but from the fact that they are not reasonably fit for the purposes for which they are furnished. The master's duty to the servant is to furnish machinery and appliances which are reasonably safe, sound, and sufficient for the purposes for which they are furnished, and to exercise the necessary inspection to keep them in such condition. *Smith v. Railroad*, 69 Mo. 37, 38; *Tabler v. Railroad*, 93 Mo. 79; *Bowen v. Railroad*, 95 Mo. 268; *Worheide v. Car Co.*, 32 Mo. App. 367; *Flynn v. Bridge Co.*, 42 Mo. App. 529.

While these instructions were unquestionably misleading, it does not clearly appear that an exception was saved to their being given at the time, and, under the technical rules which require that such exception

should appear of record, a reversal of the judgment for this reason would not be warranted.

The next error complained of is that the court refused to nonsuit the plaintiff, although the fact that his contributory negligence caused the accident appears from all the evidence. The plaintiff testifies that he was sent for this glass on the afternoon of the day in question, it being needed to repair the glass roof which had been broken by a hail storm; that, arriving at defendants' premises, he carried one of the boxes by hand up to the second story, where the defendant Young and some employees were engaged in glazing; that Young complained of plaintiff's delay in bringing the glass, and asked him if he could not bring it any faster; that plaintiff thereupon told him he could bring it all up if he put them on the elevator, and that Young told him to do so. On cross-examination, however, the plaintiff recited this conversation as follows: "He asked me if I could bring them up faster; and I told him yes, if I put on the elevator, and he said to do so; he may have said do so, he may have said bring them up, or something of that kind. Q. He did not tell you how many boxes to put on the elevator? A. No, sir, no number at all. Q. And you went down and of your own free will put nine boxes on? A. Yes, sir."

We may add that the plaintiff, on the point that he was directed to bring up *any* of the glass on the elevator, is contradicted both by Young and by another disinterested witness who was present at the time. They both testified that nothing whatever was said by Young to plaintiff as to bringing up the residue of the glass. Giving, however, to the plaintiff's evidence its fullest force, it has no reasonable tendency to show that Young told him to bring up all the glass *at one time* on the elevator. The plaintiff thereupon went

O'Neil v. Young.

down and piled all the glass on the elevator. In so doing he requested one Shelton, an employee of the defendants, to assist him. The plaintiff testified in that connection that he did not know that it was dangerous to load all the glass at one time, although he knew it weighed at least seven hundred and twenty pounds; and he also testifies that he did not know that it was dangerous to step under the elevator while he was pulling on the lifting rope, although he knew that the elevator had never been handled before by more than one man, and that on this occasion its load was so heavy that two men could hardly lift it by exerting all their strength. On the point of his not knowing the danger, the plaintiff is contradicted by Shelton, who testifies that he warned him not to pile such weight on the elevator and subsequently warned him not to get under it because it might break, and is also contradicted by another witness who was present at the time.

The weight of the evidence unquestionably is that the plaintiff voluntarily and recklessly incurred a danger of which he was informed; yet, under the strict rule which prevails in this state and which makes the jurors the sole judges of the credibility of witnesses *in the first instance*, we are not prepared to say that the court committed error in refusing to take the case from the jury on the ground of contributory negligence. Neither can we disturb the judgment because in our opinion the verdict of the jury is opposed to the great weight of the evidence, since the defendants have already been allowed one new trial. Section 2241 of the Revised Statutes of 1889 is as follows: "Only one new trial shall be allowed to either party, except: *First*, where the triers of the fact shall have erred in a matter of law; *second*, when the jury shall be guilty of misbehavior; and every order allowing a

new trial shall specify of record the ground or grounds on which said new trial is granted." The supreme court in construing this section said: "One new trial having been granted to a party, no matter for what reason, the power to award that party other new trials is exhausted, except for some of the causes before mentioned as to which we have said there is no limit as to the number that may be awarded. A verdict against the weight of the evidence is not one of these excepted causes." *McShane v. Sanderson*, 108 Mo. 316. In that case, like in this, the order of the circuit court sustaining the first motion for new trial failed to state the ground on which the new trial was granted. The supreme court held that it was immaterial upon what ground the first motion was sustained; that the statute expressly prohibited the granting of more than one trial to the same party, unless one or more of the excepted causes had intervened on the subsequent trial.

The assignment of error, that the judgment against Young individually is not supported by substantial evidence, is well taken. It is only where the agent has been guilty of active negligence, that is, of some act of misfeasance, that he can be made to answer to third parties. *Harriman v. Stowe*, 57 Mo. 98; *Lottman v. Barnett*, 62 Mo. 159; *Steinhauser v. Spraul*, 114 Mo. 551. The supreme court in *Harriman v. Stowe, supra*, adopted the rule as declared by Lord HOLT in the case of *Lane v. Colton* (12 Mod. 488), to the effect that, "for the *neglect* of the servant, third persons can have no remedy against him, but that the master is alone chargeable; but for a *misfeasance, or actual tort*, an action will lie against the servant, because he is a wrongdoer." The same principle is recognized and applied in *Lottman v. Barnett, supra*, and *Steinhauser v. Spraul, supra*. In the latter case the plaintiff was

O'Neil v. Young.

employed as a servant in the family of the defendant's deceased husband. The petition charged that the defendant, as the agent of her husband, ordered the plaintiff to climb up a ladder which the defendant *knew* to be unsafe, and that by reason of the defective condition of the ladder the plaintiff fell and received personal injuries. Judge BURGESS, who delivered the opinion of the court, said: "If, therefore, she (defendant) ordered plaintiff to use a ladder which she knew was unsafe, by reason of which plaintiff was injured without fault or negligence on her part, defendant was guilty of a *misfeasance* for which she and her husband were jointly liable, and the action after his death survived against her." Citing *Harriman v. Stowe,* 57 Mo. 93.

Now, wherein was Young guilty of active negligence? The most that can be made out of the plaintiff's own testimony is that Young told him to bring up the glass on the elevator, and that the attempt to take up the entire lot at one time was voluntary on his part. But to make this order of Young a misfeasance he *must have known* at the time that the elevator rope was unsafe. There is no evidence of this, unless the statements of Young, that a very short time before the accident he inspected the rope and observed nothing wrong about it, are to be taken as some evidence that he did know of its defective condition. This proposition can not very well be maintained. If the inspection made by Young was carelessly done, then at most he was guilty of nonfeasance or omission of duty for which his company alone could be held. Besides, there is no claim in the petition that, under the directions of Young, the elevator was loaded beyond its capacity. On the contrary the plaintiff's theory, as established by his evidence is that the load placed on the elevator by the plaintiff was within the safe work-

ing capacity of the machine, and that the accident occurred solely on account of the defective condition of the rope. This placed the plaintiff's right of recovery, if he had any, on the neglect of the defendant company to have the elevator properly inspected and kept in repair. If these duties devolved on Young, as manager of the company, and he neglected them, they were only acts of nonfeasance on his part.

Our conclusion is, that the judgment against the company ought to be affirmed, but that, as to John Young, it ought to be reversed. Judge BOND is of opinion that the judgment ought to be affirmed as to both defendants. Judge ROMBAUER concurs in the disposition made of the case. However, for the reasons stated in the separate opinion of Judge ROMBAUER, a majority of the court are of the opinion that the cause ought to be certified to the supreme court for final determination. It will be so ordered.

### SEPARATE OPINION.

ROMBAUER, P. J.—Section 1241 of the Revised Statutes of 1889 provides as follows: "Only one new trial shall be allowed to either party, except: *First*, where the triers of the fact shall have erred in a matter of law; *second*, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

In construing this statute it has been held that the jury err in a matter of law in two cases: *First*, when, after being properly instructed by the court, they entirely disregard the instructions; *next*, when they are improperly instructed by the court and follow such instructions (*Hill v. Deaver*, 7 Mo. 57; *In the matter of Pratte*, 12 Mo. 194; *Boyce's Adm'r v. Smith's Adm'r*,

O'Neil v. Young.

16 Mo. 317; *State ex rel. v. Adams*, 76 Mo. 605); also that, where the jury have erred in a matter of law, any amount of new trials may be granted. *State ex rel. v. Horner*, 86 Mo. 71. As was said by the learned judge in *McShane v. Sanderson, infra*, "this must be the correct construction of the statute; for otherwise we must take the awkward position that a circuit judge can not correct his own errors made on a second or subsequent trial."

The construction hitherto placed on this statute by the bench and bar of the state was that it intended to limit the discretionary power of the court to the granting of one new trial, where the verdict was against the weight of the evidence. Upon the imperative duty of the court to grant a new trial for errors of law, there of course could be no limitation, as long as we claim to be a people governed by law. *State ex rel. v. Edwards*, 36 Mo. App. 425, 427.

The case of *McShane v. Anderson*, 108 Mo. 316, seems to be a departure from that view. That case seems to hold that the power of the court to grant even one new trial on the ground that the verdict is opposed to the weight of the evidence, or the result of bias, depends upon the fact whether the verdict is the first or second verdict in the case. If it is the first verdict, the court may grant a new trial; but, if it is the second verdict, the court is powerless to do so, even though the first verdict was obtained in disregard of all law, or for the grossest misbehavior of the jury, and hence in contemplation of law was no legal verdict at all, if properly challenged. This distinction, which makes the discretionary power of the court dependent upon the mathematical position of its errors, strikes me as logically unsound. Statutes should receive a rational construction, if they admit of it. Why should a verdict, which is utterly untenable when properly chal-

lenged, be counted if it is the first verdict in the case, and yet not be counted when it is the second verdict? Why should the discretionary power of the court to grant one new trial on the ground that the verdict is opposed to the weight of the evidence be abrogated, simply because the jury were misdirected by the court on a former trial? A literal reading of the statute, it seems to me, calls for no such construction.

The question is of importance in this cause, because two members of the court are of opinion that the last verdict in the cause is so opposed to the weight of the evidence, and is so manifestly the result of bias as to justify us in setting it aside on that ground alone, provided we have the power to do so. But all the members of the court are of opinion that our power in that behalf can be no greater than the power of the trial court, and the majority of the court is of opinion that, under the decision of *McShane v. Sanderson, supra,* the trial court has no power to set aside a verdict on the ground that it is opposed to the weight of the evidence, or that it is the result of bias or prejudice, although the only former verdict in the case was set aside for errors of law.

But the question is of far greater importance as far as it affects a rule of practice, applicable to all cases alike, and one which constantly recurs in the trial of causes. It is, therefore, important that it should be definitely settled beyond all misunderstanding. I concede that it is difficult to escape the conclusion, that the decision of the supreme court in *McShane v. Sanderson, supra,* admits of no other construction than the one placed upon it in the opinion of Judge BIGGS, and hence I concur in that opinion and in the result reached. Yet, as the principle involved is of great importance, and the decision is unquestionably opposed to what has heretofore been the understanding of the bench and

bar on this subject, I think the case is one which should be certified to that court for final adjudication. The supreme court has with great candor repeatedly declared that the rule of *stare decisis* is a flexible one, and should not be adhered to where it leads to results unjust, or logically incorrect, except where vested property rights are affected. *Marvin v. Bates*, 13 Mo. 217; *Hamilton v. Marks*, 63 Mo. 172; *Boogher v. Life Association*, 75 Mo. 319; *Wernse v. McPike*, 76 Mo. 249; s. c., 100 Mo. 476; *Brown v. Woody*, 64 Mo. 548; s. c., 22 Mo. App. 253; s. c., 98 Mo. 259.

### SEPARATE OPINION.

BOND, J.—On the first hearing of this cause I was of the opinion that there was no reversible error in the record, and that the judgment against both defendants was supported by substantial evidence and should have been affirmed. After a rehearing granted upon the ruling in *McShane v. Sanderson*, 108 Mo. 316, I am confirmed in the conclusions drawn when the case was originally argued and submitted.

That there is substantial evidence showing that the plaintiff was ordered to bring *all* the glass upon the elevator is apparent from his statement to that effect in his examination in chief, from the evidence of Quayle, and from the force of the circumstance that he had been bringing it by the single box until, after a conversation (see evidence of plaintiff and Quayle) wherein the manager complained of plaintiff's delay, he put all the boxes on the elevator.

I also hold that, for lack of reasonable care in inspecting the elevator, John Young would be liable to the corporation of which he was general manager, but for going further and ordering plaintiff to use an elevator, whose unfit condition might have been known

O'Neil v. Young.

by ordinary diligence on the part of John Young, he became guilty of active negligence and was, therefore, jointly liable with the corporation for the injuries caused by obedience to his directions on the part of plaintiff. This is the rule announced by the supreme court. *Steinhauser v. Spraul*, 114 Mo. 551.

Nor do I concur in the view that *McShane v. Sanderson, supra,* is a *construction* of the statute, unless the *application* of the plain language of the statute may be so termed. R. S. 1889, sec. 2241.

In the case at bar the court below granted one new trial upon a motion setting forth, among other grounds, the following: *"Because the verdict and judgment is against the weight of the evidence."* The order awarding the new trial did not specify on what ground the motion was sustained. There is nothing, therefore, of record to show that the court did not sustain the first motion for new trial in this case solely on the above ground; and the fact that the circuit court refused a third trial under the facts in this record would, upon the principle of assumed right action on its part, justify the presumption that it did so because the second trial had been granted on the ground, *supra.* At any rate the decision *(McShane v. Sanderson, supra),* being the last previous ruling of the supreme court, is a controlling authority for the affirmance of the judgment herein against both defendants. Constitution, art. 6, Amendment 1884, sec. 6.