KREIS, *Appellant*, v. MISSOURI PACIFIC RAILWAY COMPANY.

In Banc, December 10, 1895.

1. **Practice**: NEW TRIAL, ORDER GRANTING: REASONS OF COURT. Where the trial court rendered a written opinion giving its reasons for granting a new trial, but failed to have the same spread upon its records, the mere filing of such opinion among the papers in the case did not make it a part of the record.

2. ———: ———: ———. Where numerous grounds for a new trial are set forth in the motion, the action of the court in granting it will be sustained, where it may be done upon any one or more of the grounds set forth, although the particular reason for which the trial court granted the order is not specified of record.

3. ———: NEW TRIAL: INSUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT. Under the provisions of section 2241, Revised Statutes of 1889, that "only one new trial shall be allowed to either party, except: *First*, where the triers of the fact shall have erred in a matter of law; *second*, where the jury shall be guilty of misbehavior," the court has the power to grant one new trial to either party upon the ground of the insufficiency of the evidence to support the verdict, regardless of the number of new trials that may have been granted him upon other grounds.

4. **Railroad**: PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE. While one intending to take passage on a railway train walks, with an umbrella over her head, so near the track as to be in danger of being struck by a passing train which she knew was then past due, is guilty of contributory negligence, yet if the employees in charge of the train knew that persons were in the habit of walking at that point, and either saw, or, by the exercise of ordinary care and watchfulness, might have seen, her perilous position in time to have checked the speed of the train, or if they failed to exercise all the means at their command, consistent with their duty to the company and the safety of the passengers, to prevent the accident, after they saw her

dangerous position, and failed to do so, and because of such want of watchfulness and care the train collided with and killed her, the company will be liable.

5. **Practice**: CONTRIBUTORY NEGLIGENCE: CONFLICTING TESTIMONY. Where the evidence as to contributory negligence is conflicting, the question is one for the jury.

6. **Appellate Practice**: CONFLICTING TESTIMONY: NEW TRIAL. Where the evidence is conflicting, the appellate court will not interfere with the action of the trial court in granting a new trial upon the ground of the insufficiency of the evidence to support the verdict.

*Appeal from Jefferson Circuit Court.*—HON. JAS. F. GREEN, Judge.

AFFIRMED.

*Carlisle & Ottofy* for appellant.

(1) "The rule is that where the facts are either disputed, or different inferences may be fairly drawn from the undisputed facts, the question of negligence should be submitted to the jury." *Fusili v. Railroad*, 45 Mo. App. 541, and cases cited; *Frick v. Railroad*, 75 Mo. 601; *Roddy v. Railroad*, 104 Mo. 250; *Davis v. Railroad*, 46 Mo. App. 186; *Church v. Railroad*, 109 Mo. 427, 119 Mo. 204; *Dowell v. Guthrie*, 116 Mo. 655; *Smith v. Railroad*, 108 Mo. 248; *Blanton v. Dold*, 109 Mo. 77; *Williams v. Railroad*, 109 Mo. 483; *Berry v. Railroad*, 25 S. W. Rep. (Mo.) 232. (2) Defendant's refused instructions numbers 3 and 5 were properly refused. The deceased was not a trespasser. She and others had for a long space of time, by the tacit permission of the defendant company, been accustomed to use the path and track for the purpose of going to and from the station. She was, therefore, a licensee, and defendant owed her a duty. *LeMay v. Railroad*, 105 Mo. 370, 371; *Williams v. Railroad*, 96 Mo. 281; *Gurley v. Railroad*, 104 Mo. 228; *Hanlon v. Railroad*, 104 Mo. 390; *Lloyd v. Railroad*, 29 S. W. Rep. (Mo.)

153, 156; 31 S. W. Rep. 110; *Powell v. Railroad*, 59 Mo. App. 626; *Railroad v. DeBoard*, 22 S. E. Rep. (Va.) 514, 515; *Sullivan v. Railroad*, 97 Mo. 119; *Guenther v. Railroad*, 95 Mo. 290; 108 Mo. 22; *Lynch v. Railroad*, 111 Mo. 610; *Frick v. Railroad*, 75 Mo. 602; *Fiedler v. Railroad*, 107 Mo. 651; *White v. Railroad*, 34 Mo. App. 63; *Johnson v. Co.*, 86 Wis. 70; *Railroad v. Austin*, 69 Ill. 429; *Railroad v. Watkins*, 26 S. W. Rep. (Tex.) 761; 29 S. W. Rep. 232; *Railroad v. Carper*, 88 Va. 557. *First.* She is not a trespasser although there may have been a street, plank, or dirt path which she could have taken. *Railroad v. Lewis*, 5 Texas Civ. App. 640; *Fiedler v. Railroad*, 107 Mo. 649. *Second.* And although she had jumped in front of the train if it approached her from the rear without warning, defendant is still liable. *Railroad v. Watkins*, 26 S. W. Rep. (Tex.) 760; 29 S. W. Rep. 232. *Third.* To make her a trespasser defendant should have objected to the practice by posting notices or otherwise. *Hyde v. Railroad*, 110 Mo. 277. (3) Defendants refused instruction number 6 is not the law. Even though she was guilty of negligence they were bound to anticipate her in the position of danger and if they might have discovered her by the exercise of ordinary care and averted the injury, the defendant is liable regardless of her negligence. *Frick v. Railroad*, 75 Mo. 608; *Hanlon v. Railroad*, 104 Mo. 390; *Williams v. Railroad*, 96 Mo. 282; *Eswin v. Railroad*, 96 Mo. 297; also authorities cited under point 2. (4) The motion for new trial does not allege that the verdict is against the weight of the evidence, hence that question was not before the trial court. *First.* And this court has no constitutional power to pass upon the weight of conflicting evidence in an action at law. *Blanton v. Dold*, 109 Mo. 69; *Henry v. Railroad*, 109 Mo. 493; *Bank v. Wood*, 124 Mo. 72–76. *Second.*

The appellate court on an appeal from an order granting a new trial will not weigh the evidence, and reviews the "'discretion'" of the trial court only where the new trial was granted on the weight of evidence. *Taylor v. Scherpe*, 47 Mo. App. 260; *Powell v. Railroad*, 59 Mo. App. 335. (5) There is nothing in the record to justify the granting of a new trial on any of the grounds set forth in the motion for new trial or the opinion filed. *Lovell v. Davis*, 52 Mo. App. 342; *Hewitt v. Steele*, 118 Mo. 463; *Stanard Milling Co. v. Co.*, 26 S. W. Rep. (Mo.) 707; *Bank v. Wood*, 124 Mo. 72-76; *Lumber Co. v. Christophel*, 59 Mo. App. 80, 86. And it is held that the second granting of a new trial will be more closely scrutinized by the appellate court. *Railroad v. Curry*, 90 Ga. 250. (6) The order granting the new trial fails to specify of record the ground upon which it was granted, and it should be held for naught. R. S. 1889, sec. 2241. Although the court incorporated its filed opinion in the bill of exceptions this is not a compliance with the statute; it is not a part of the record and this court will not consider it. *Hewitt v. Steele*, 118 Mo. 473; *Taylor v. Scherpe & Koken*, 47 Mo. App. 261.

*Martin L. Clardy* for respondent.

(1) Conceding that the mandate of the statute, which requires every order allowing a new trial to specify of record the ground or grounds on which such new trial is granted, was not obeyed by the trial court, yet it devolves upon the plaintiff, who has appealed from the order, to show from the record in the case that the new trial could not have been properly granted for any of the reasons assigned in the motion for a new trial. *Hewitt v. Steel*, 118 Mo. 543; *State ex rel. v. Adams*, 84 Mo. 310; *Iron Mountain Bank v. Armstrong*,

92 Mo. 265; *Lovell v. Davis*, 52 Mo. 342.   If the order recited the grounds upon which the motion was sustained, and this court should find them to be untenable, it would still be the duty of the court to look into the entire record to see whether the action of the trial court could not be sustained upon some other ground mentioned in the motion.   (2)   The statute does not limit the number of new trials that may be had on the grounds: *First*, of errors of law of the trial court in giving or refusing instructions, or in admitting or excluding evidence; *second*, where the jury err in a matter of law; or *third*, where the jury are guilty of misconduct. *State ex rel. v. Adams*, 76 Mo. 605; *Hill v. Deaver*, 7 Mo. 57; *Pratte v. Judge*, 12 Mo. 194; *Boyce v. Smith*, 16 Mo. 317.   (3)   Admitting there was a pathway between the railroad tracks, which persons living north of the depot habitually traveled in going to and from it, and that the defendant company impliedly assented to such use of it, still the evidence conclusively shows that deceased left the pathway and attempted to cross the railroad track directly in front of a moving train; that it was not possible for the persons in charge of it to stop the train after they became aware of her purpose to cross the track.   Deceased was, therefore, guilty of gross negligence and carelessness, which directly contributed to cause the accident which resulted in her death, and can not recover.   *Maxey v. Railroad*, 113 Mo. 1; *Boyd v. Railroad*, 105 Mo. 371; *Yancey v. Railroad*, 93 Mo. 433; *Rine v. Railroad*, 88 Mo. 392; *Dunkman v. Railroad*, 95 Mo. 282; *Williams v. Railroad*, 96 Mo. 225; *Frick v. Railroad*, 75 Mo. 595; *Moody v. Railroad*, 68 Mo. 470.

BURGESS, J.—The plaintiff appealed from an order of court setting aside the verdict of a jury and grant-

ing defendant a new trial. By the verdict plaintiff was awarded $5,000 for the death of his wife, Nellie I. Kreis, who was run over and killed by one of defendant's cars at or near its depot at Webster Groves, in St. Louis county, on the morning of April 19, 1891.

The deceased left her home in Webster Groves early in the morning to take the train by which she was killed, for the city of St. Louis. She lived in a northwesterly direction from the station and had her election to go on a plank walk extending some distance along the east side of defendant's right of way near to the depot, or enter upon the railroad right of way, as she and other persons in the neighborhood had been accustomed to do, and go down a path, which was between two railroad tracks running east and west. The evidence was conflicting as to whether she entered upon defendant's right of way at what was called by the witnesses Murphy's crossing or near to and east of the crossing. The distance from the station to this crossing is about twelve hundred feet.

Deceased had been a resident of Webster Groves for about eighteen months; had frequently taken passage on the train by which she lost her life; was familiar with the track and surroundings, and knew the time of the arrival of the train, which was about 9 A. M., but on the morning of the accident was a few minutes late. On that morning it was misting rain; Mrs. Kreis had an umbrella over her right shoulder and a basket of eggs in her left hand. She did not see the train before it struck her.

The south track was used by trains en route to St. Louis and the north track for those going west. There was a switch or spur leaving the south track of the railroad about four hundred feet east of Murphy's crossing, and it was near the head of this spur or switch that deceased approached near enough to the south

track to be struck by the beam or deadwood of the engine attached to a train which was proceeding eastward at a speed of about twenty miles per hour, or in front of it, and was killed.

The space between the two tracks was eight feet, five and one half inches, and she was on this space all the time until the moment of the collision, when she stepped close to the rail, between two ties, or in front of the train. She was never on the railroad track, if at all, until just at the instant that she was struck by the train. Those in charge of the train had an unobstructed view of her for near nine hundred feet before it collided with her, while their evidence was that they did not discover her perilous position in time to check the speed of the train, in time to prevent the accident. As is usual in such cases the evidence was conflicting as to whether any danger signals were given or not.

On a former trial of the cause a verdict in favor of plaintiff in the same amount, $5,000, was set aside on motion of defendant and a new trial granted on the ground that the court permitted the introduction of improper testimony, and gave improper instructions to the jury.

The right of the plaintiff to appeal from the order sustaining defendant's motion and granting a new trial is not questioned, but it is insisted by plaintiff that the new trial was improvidently granted, because there was no error of law committed during the trial of the cause prejudicial to the defendant, and one new trial having been granted to it the court had no power to grant it another new trial because of the insufficiency of the evidence to support the verdict.

I. By section 2241, Revised Statutes, 1889, it is provided that "every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

The ground upon which the order granting the new trial from which plaintiff appealed is not specified of record. While the court in sustaining the motion and granting the new trial rendered a written opinion giving his reasons therefor, it was not spread upon the record of the court, but merely filed with the papers in the cause, which did not make it a part of the record. *Hewitt v. Steele*, 118 Mo. 463.

There were numerous causes assigned why a new trial should be granted as set forth in the motion, and if the action of the court in granting it can be sustained upon any one or more of the grounds assigned it is the duty of this court to do so. *Hewitt v. Steele, supra; Bank v. Wood*, 124 Mo. 72.

A careful examination of the evidence as disclosed by the record as well also as of the instructions given and refused, has satisfied us that there were but two grounds assigned in the motion upon which the action of the court can possibly be upheld: *First*, the insufficiency of the evidence; *second*, the refusal of the sixth instruction asked by defendant.

With respect of the first proposition, it is insisted by counsel for plaintiff that as one new trial had already been granted defendant, on the ground that the court permitted the introduction of improper testimony and gave improper instructions, the court had no power to grant defendant another new trial on the ground of the insufficiency of the evidence, and that its action in granting the second new trial can not be sustained upon that ground. *McShane v. Sanderson*, 108 Mo. 316, is relied upon as sustaining that contention.

While it may be conceded that that case seems to hold that where one verdict has been set aside and a new trial granted for any cause another new trial can not be granted to the same party on the ground that

the evidence is insufficient to support the verdict, or that the verdict in the result of bias, it must be considered with respect to the facts upon which it was decided, and when this is done we submit that what was said with respect to the matter now under consideration was not necessary to a decision of that case.

In that case one new trial had been granted plaintiff on the ground that the verdict was against the weight of the evidence. Another trial was had resulting in a verdict in favor of the plaintiff as did the former trial, and, on motion being filed by plaintiff for a second new trial on the ground that the verdict was against the evidence, the court refused to entertain it, for the reason that one new trial had theretofore been granted plaintiff on the same ground. And upon this state of facts, it was said "one new trial having been granted to a party, no matter for what reason, the power to award that party other new trials is exhausted, except for some of the causes before mentioned," i. e., for prejudicial errors committed by the court, when the triers of fact have erred in a matter of law; or when the jury shall be guilty of misbehavior.

We submit that what was said in the language quoted was not necessary to a decision of that case, and is in conflict with the plain letter and meaning of section 2241, Revised Statutes, 1889, which provides that, "*only one* new trial shall be allowed to either party, except: *First,* where the triers of the fact shall have erred in a matter of law; *second,* when the jury shall be guilty of misbehavior." When the statute says "*only one* new trial shall be allowed to either party, except," it clearly means that one new trial may be granted to either party, for any cause, except such as come within the first and second exceptions of that section, and the section next preceding it; and that one new trial may be granted to either party on the

ground of the insufficiency of the evidence to support the verdict, although there may have been other new trials granted the same party for other causes.

The *McShane* case, although followed, was disapproved by two of the judges of the St. Louis court of appeals in the recent case of *O'Neil v. Young*, 58 Mo. App. 628, and is criticised by ROMBAUER, P. J., in a separate opinion as follows: "That case seems to hold that the power of the court to grant even one new trial on the ground that the verdict is opposed to the weight of the evidence, or the result of bias, depends upon the fact whether the verdict is the first or second verdict in the case. If it is the first verdict, the court may grant a new trial; but, if it is the second verdict, the court is powerless to do so, even though the first verdict was obtained in disregard of all law, or for the grossest misbehavior of the jury, and hence in contemplation of law was no legal verdict at all, if properly challenged. This distinction, which makes the discretionary power of the court dependent upon the mathematical position of its errors, strikes me as logically unsound. Statutes should receive a rational construction, if they admit of it. Why should a verdict, which is utterly untenable when properly challenged, be counted if it is the first verdict in the case, and yet not be counted when it is the second verdict? Why should the discretionary power of the court to grant one new trial on the ground that the verdict is opposed to the weight of the evidence be abrogated, simply because the jury were misdirected by the court on a former trial? A literal reading of the statute, it seems to me, calls for no such construction."

*State ex rel. v. Horner*, 86 Mo. 71, was a proceeding by *mandamus* to compel the judge of the circuit court to enter up judgment on a verdict rendered in the court of which he was judge. A former verdict in

the same cause had been set aside on the ground that
erroneous instructions had been given.   A verdict was
rendered on the second trial for $3,500 which defend-
ants moved to set aside on the ground that the verdict
was against the evidence, being excessive.   In passing
upon the statute now under consideration the court
said:  "We are of the opinion that this statute puts no
limit to the number of new trials a circuit judge may
grant either party when the new trials are granted on
account of errors committed by him in giving or refus-
ing instructions, or in admitting or rejecting evidence.
Nor does it put any limit upon the number of new
trials he may grant when the jury err, either in a mat-
ter of law, or where they are guilty of misbehavior.
*    *    *

"It is clear, we think, that the said statute invoked
by relators was only intended to interdict the granting
of a second new trial to the same party only in a case
where such party has had one new trial granted to him
on other grounds than error committed by the court in
the progress of the trial, or on other grounds than that
the jury erred in a matter of law, or had been guilty of
misbehavior.    In  speaking  of  said  statute,  it  was
observed by Judge Scott, in the case of *Boyce v. Smith*,
16 Mo. 317, that 'in specifying the causes for which a
second new trial could only be granted to a party, the
statute proceeds upon the supposition that the law has
been correctly expounded to the jury, and the statute
only applies to those cases in which this has been done.'
If said statute only applies to those cases in which the
law has been properly expounded to the jury, it con-
clusively follows that it can not be applied to the first
new trial granted defendant in 1877, because the
demurrer to respondent's return admits the fact therein
stated that such new trial was granted on the sole
ground that the law was not properly expounded by

the court to the jury.   And from this it also necessarily follows that defendants have never had a new trial granted them within the meaning of the said statute, and that the new trial which respondent proposes to grant defendants on  the  ground  that  the damages awarded by the jury in the second  verdict  were excessive, would be, in contemplation of said statute, the first new trial granted them."

So in *McFarland v. Accident Ass'n*, 124 Mo. 222, MACFARLANE, J., in speaking for the court, said: "We are asked to reverse the judgment on the ground that the verdict was against the weight of the evidence on the question of giving the notice of the death, and whether the death was the result of the accident.   It must be admitted that the evidence in support of each of these issues was very unsatisfactory, but it can not be said that there was no substantial evidence at all in proof of these facts.   In such case the question is one for the determination of the trial court and this court will not ordinarily interfere.   Besides, it appears that one verdict was set aside by the court for this reason, and its power to grant a new trial upon the same ground was thereby, under the express provision of the statute, exhausted, and its refusal to do so is not reviewable by this court."

Our   conclusion  is  that a proper construction of the statute gives the trial court the right to grant to either party one new trial on the ground of the insufficiency of the evidence to support the verdict of the jury, regardless of the number of new trials that may have been granted to such party upon other grounds.

II.   The conduct of Mrs. Kreis in walking along so near the track of defendant's road with an umbrella over her head, and so near the track as to be in danger of being struck by a passing train which she knew was then past due, was negligence;  but defendant's ser-

vants and employees in charge of the train knew that pedestrians in that vicinity were in the habit of walking along between its tracks at that point, and if they either saw, or might have seen, by the exercise of ordinary care and watchfulness, her perilous position in time to have checked the speed of the train, or if they failed to use all necessary means at their command after they saw her perilous position to prevent the accident, consistent with their duty to defendant and the safety of the passengers and the property of the railway company, and failed to do so, and because of such want of such care and watchfulness the train collided with and killed her, the defendant should be held liable. In regard to these matters, as well also as to whether or not Mrs. Kreis undertook to cross the track immediately in front of the approaching train which caused her death, the evidence was conflicting and was properly for the consideration of the jury. *Barry v. Railroad*, 98 Mo. 62; *Weber v. Cable Railway Co.*, 100 Mo. 195; *Roddy v. Railroad*, 104 Mo. 250; *Gratiot v. Railroad*, 116 Mo. 452.

The evidence did not show such negligence on the part of Mrs. Kreis as would have justified the court in taking the case from the jury. If she undertook to cross the track immediately in front of the approaching train and was killed she was guilty of contributory negligence, and the case would come within the rule announced in *Yancey v. Railroad*, 93 Mo. 433, and *Maxey v. Railroad*, 113 Mo. 1, and preclude plaintiff's recovery; but that she did so is denied by plaintiff.

In a recent case in this court, *Bank v. Wood*, 124 Mo. 76, MACFARLANE, J., in speaking for the court, says: "When there is a substantial conflict in the evidence we should no more interfere with the action of the circuit court in granting a new trial than we should,

in such case, interfere with the verdict which has been approved by that court."

As the instructions presented the case very fairly to the jury, and covered every feature of it as disclosed by the record, it follows that the motion for a new trial must have been sustained upon the ground of the insufficiency of the evidence to support the verdict; and in sustaining the motion and granting a new trial upon that ground we are not prepared to say that the court abused its discretion. The judgment is affirmed. BRACE, C. J., MACFARLANE and ROBINSON, JJ., concur. SHERWOOD, J., concurs in the first paragraph of the opinion, but thinks the plaintiff not entitled to recover under the evidence. BARCLAY and GANTT, JJ., dissent.

BARCLAY and GANTT, JJ. (*dissenting*).—We do not join in overruling *McShane v. Sanderson* (1892) 108 Mo. 316 (18 S. W. Rep. 912.) In our view that decision gave a correct construction to the law of successive new trials.

1.    The history of legislation shows that that construction conforms to the intent of the lawmakers.

The first law on the subject (1807) declared absolutely that only one new trial should be granted. 1 Terr. Laws, p. 122, sec. 55. Later (in 1810), error of the jury upon a "question of the law" (substantially the same as "a matter of law") was declared to be ground for granting more than one new trial. 1 Terr. Laws, p. 245, sec. 7. Then the additional ground of misbehavior of the jury was added. R. S. 1825, p. 632, sec. 41. The statute law remained in that form until after the adoption of the present constitution which guarantees to the citizens of Missouri the right of trial by jury as enjoyed theretofore. Const. 1875, art. 2, sec. 28.

The law in that shape had been frequently con-
strued before the constitution of 1875, yet no decision
earlier than of that date has been cited in which
appears any allusion to the matter now emphasized as
important, namely, the ground on which a first new
trial was granted. The older cases, down to a com-
paratively recent date, treat only of the grounds ad-
vanced to obtain the second new trial, and assume that
the reasons for granting the first motion are wholly
immaterial. *Hill v. Wilkins* (1835) 4 Mo. 86; *Dickey
v. Malechi* (1839) 6 Mo. 185; *Humbert v. Eckert*
(1841) 7 Mo. 259; *In re Pratte* (1848) 12 Mo. 194;
*Ramsey v. Hamilton* (1851) 14 Mo. 358; *State ex rel.
v. Adams* (1882) 76 Mo. 605.

We consider that some, at least, of those reported
cases established a public construction of the law the
terms of which have been several times re-enacted in
the same language (R. S. 1835, p. 470, sec. 2; R. S.
1845, p. 830, sec. 3; R. S. 1855, p. 1286, sec. 4; G. S.
1865, p. 684, sec. 4; R. S. 1879, sec. 3705, etc.), and
that that construction should yet be followed, just as
*McShane v. Sanderson* followed it.

2. The object of the section is two fold—to guard
the right of trial by jury, and to put an end, at some
time, to litigation. The latter purpose is wholly lost
sight of, we think, by the ruling here in the case
at bar.

That object is clearly exhibited in reference to
trials of issues under section 2165, which only allows
one trial of the same issue to any one party, without
regard to any reason that may be given for another
trial. Nor should that object be ignored in the con-
struction of section 2241.

3. We do not, however, propose to argue the
question at length, or to review the Missouri precedents

which (since the present constitution was adopted) are not wholly in accord on this topic.

We wish merely to record our dissent to the interpretation placed now on section 2241.

We also dissent from the approval of that part of the opinion of Judge ROMBAUER in *O'Neil v. Young* (1894) 58 Mo. App. 636, wherein he criticises the judgment of the first division of the supreme court in *McShane v. Sanderson*. It certainly is proper to note that a solemn and unanimous judgment of the St. Louis court of appeals, in *State ex rel. v. Horner* (1881) 10 Mo. App. 307, asserted and enforced the identical doctrine that the *McShane* decision by Judge BLACK declares.